UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALISON D. MASTERS, on behalf of herself and all other similarly situated shareholders of Gas Natural, | ) ) ) ) | Case No. 16-cv-02880 |
| *Lead Plaintiff,* | ) ) ) | Hon. Patricia A. Gaughan |
| v. | ) ) | |
| MICHAEL B. BENDER, et al., | ) ) | |
| Defendants. | ) ) | |

## STIPULATION OF SETTLEMENT

The parties to the above-captioned action (the "Action"), by and through their attorneys and subject to the approval of the Court, hereby enter into this Stipulation of Settlement dated March 7, 2017 (the "Stipulation"), which is intended to fully, finally and forever resolve, discharge, release and settle the Released Claims (as defined below) upon and subject to the terms and conditions herein (the "Settlement"). This Stipulation is entered into by and between (1) Lead Plaintiff Alison D. Masters ("Lead Plaintiff") on her own behalf and as representative of the Settlement Class (as defined below), (2) Nominal Defendant Gas Natural Inc. ("GNI" or the "Company"), (3) Defendants Michael B. Bender, James P. Carney, Kevin J. Degenstein, Richard K. Greaves, Jed D. Henthorne, Jennifer Haberman, Robert B. Johnston, Gregory J. Osborne, James E. Sprague, Vincent A. Parisi and Michael R. Winter (collectively, with GNI, the "GNI Defendants"), (4) Defendants First Reserve Energy Infrastructure Fund II, L.P., FR Bison Holdings, Inc. and FR Bison Merger Sub, Inc. (collectively, "First Reserve"); and (v)

Defendants The InterTech Group, Inc., Anita G. Zucker (individually and as Trustee of the Article 6 Marital Trust Under the First Amended and Restated Jerry Zucker Revocable Trust Dated April 2, 2007) and NIL Funding Corporation (collectively, the "InterTech Defendants" and, with the GNI Defendants and First Reserve, "Defendants").  Lead Plaintiff and Defendants are referred to herein as the "Parties."

**RECITALS**

The Stipulation is entered into based on the following:

A.        On October 8, 2016, FR Bison Holdings, Inc., FR Bison Merger Sub, Inc. and GNI entered into a merger agreement (the "Merger Agreement") pursuant to which FR Bison Holdings, Inc. agreed to purchase all outstanding common shares of GNI in cash for $13.10 per share (the "Merger").

B.        On November 3, 2016, Lead Plaintiff filed a putative class action and shareholder derivative lawsuit against the Defendants in the Cuyahoga Court of Common Pleas, captioned *Alison D. Masters, on behalf of herself and all other similarly situated shareholders of Gas Natural v. Michael D. Bender, et al.*, Case No. CV-16-871400 (the "Action").

C.        On November 9, 2016, GNI filed a Schedule 14A Preliminary Proxy Statement (the "Preliminary Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") that disclosed that GNI's Board of Directors (the "Board") had unanimously determined that the Merger was and is in the best interests of GNI and its shareholders and recommended that GNI's shareholders vote to approve the Merger.

D.        On November 17, 2016, Lead Plaintiff filed an Amended Verified Complaint (the "Amended Complaint") in the Action.

2

E.      On November 23, 2016, GNI filed a Schedule 14A Definitive Proxy Statement (the "Definitive Proxy Statement") with the SEC.

F.      On November 28, 2016, defendants removed the Action to the United States District Court for the Northern District of Ohio.  The Action was assigned to and is currently pending before the Honorable Patricia A. Gaughan (the "Court").

G.      On December 8, 2016, First Reserve filed with the SEC a supplemental Schedule 13D (*available at* https://www.sec.gov/Archives/edgar/data/43350/ 000119312516788786/d209908dsc13d.htm).  Also on December 8, 2016, the InterTech Defendants filed with the SEC a supplemental Schedule 13D (*available at* https://www.sec.gov/Archives/ edgar/data/43350/000094852016000104/egas13d-a3.htm).

H.      On December 9, 2016, the GNI Defendants and First Reserve filed separate motions to dismiss the claims asserted against them.  On December 12, 2016, the InterTech Defendants filed a motion to dismiss the claims asserted against them.

I.      On or around December 14, 2016, the Parties agreed to a Stipulated Protective Order under which GNI would produce certain discovery relating to the Merger and/or the Merger Agreement to Lead Plaintiff on an expedited basis.

J.      On or around December 14, 2016, GNI produced certain documents to Lead Plaintiff in discovery, including (i) Board meeting minutes and (ii) presentations made to the Board by GNI's financial advisor, Janney Montgomery Scott LLC ("Janney").

K.      On December 23, 2016, following arm's length negotiations, the Parties (through counsel) executed a Memorandum of Understanding (the "MOU") that reflected an agreement in principle between and among the Parties to settle the Action on behalf of the Lead Plaintiff, the

Settlement Class and the Defendants, subject to the subsequent agreement upon and execution of a formal stipulation of settlement and ultimate approval by the Court.

L.  On December 23, 2016, following arm's length negotiations with Lead Plaintiff's counsel at Tucker Ellis LLP ("Lead Counsel"), GNI filed with the SEC a Current Report on Form 8-K, in which GNI provided certain additional disclosures relating to the Merger to supplement those contained in the Definitive Proxy Statement (the "Supplemental Disclosures" and, with the Preliminary and Definitive Proxy Statements, the "Proxy Statement").

M.  On December 28, 2016, the shareholders of GNI voted to approve the Merger.

N.  On January 10, 2017, Lead Plaintiff (through counsel) served four confirmatory interrogatories on the GNI Defendants.  The GNI Defendants served answers to those interrogatories on March 6, 2017.

O.  On February 24, 2017, the Court entered an Order appointing Ms. Masters as Lead Plaintiff and Tucker Ellis LLP as Lead Counsel, pursuant to the provisions of the Private Securities Litigation Reform Act of 1995.

P.  Defendants deny all fault or liability alleged in the Action or otherwise in relation to the Merger or the Merger Agreement, the November 9, 2016 Preliminary Proxy Statement Filing, the November 23, 2016 Definitive Proxy Statement Filing, and the December 23, 2016 Supplemental Disclosures and any other matters relating to the Merger and Merger Agreement. The GNI Defendants further specifically deny that the Supplemental Disclosures to GNI shareholders were required under any applicable rule, statute, regulation or law.  However, to avoid the substantial burden, expense, risk, inconvenience and distraction of continued litigation, the Defendants consider it desirable to resolve fully and finally the claims made against them in the Action through the Settlement.

4

Q.    Lead Plaintiff and Lead Counsel have determined that a settlement of the Action on the terms reflected in this Stipulation is fair, reasonable, adequate and in the best interest of the Lead Plaintiff and the Settlement Class.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned Parties, that the Action shall be settled, subject to the approval of the Court pursuant to Rules 23 and 41 of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions:

**AGREEMENT**

1.    **Order Giving Notice to Settlement Class and Preliminarily Approving Settlement.**  As soon as practicable, Lead Plaintiff shall apply to the Court for immediate entry of an order identical in substance to the form of the proposed Order Preliminarily Approving Class Settlement attached hereto as <u>Exhibit 1</u> ("Preliminary Approval Order").  The Preliminary Approval Order shall specifically include provisions that:

a.    For purposes of the Settlement only, the Court shall find and determine that the Action may proceed as a non-opt-out class action pursuant to Rules 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all current and former shareholders (whether of record or beneficial) of GNI common stock, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held GNI common stock on or after January 1, 2014, excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of GNI, First Reserve and The

5

InterTech Group, and the legal representatives, heirs, successors or assigns of any such excluded person (the "Settlement Class" or "Class Members"), and further find and determine that Lead Plaintiff and Lead Counsel will fairly and adequately represent the interest of the Settlement Class in enforcing their rights in this Action;

       b.      Preliminarily approve the Settlement set forth in this Stipulation;

       c.      Direct that notice be given to the Settlement Class of the pendency of the Action, of the certification of the Settlement Class, of the appointment of Tucker Ellis LLP as Lead Counsel to represent the Settlement Class, and of the right of each Class Member to object to or otherwise be heard on the subject of the Settlement in the manner specified in paragraph l(h) below;

       d.      Schedule a hearing to be held before the Court ("Final Settlement Hearing") in order to determine (i) whether the Settlement set forth in this Stipulation should be approved as fair, reasonable and adequate; (ii) whether the class notice and notice methodology constituted due, adequate and sufficient notice to all persons entitled to notice, and met all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, and constituted the notice as directed by the Court in the Preliminary Approval Order, to apprise Class Members of (A) the pendency of the Action, (B) the nature and terms of the Settlement, (C) the Class Members' right to object to the Settlement, and (D) the Class Members' right to appear at the Final Settlement Hearing; (iii) whether a final judgment should be entered dismissing the claims of the Lead Plaintiff and all other Class Members with prejudice, as contemplated by this Stipulation; (iv) whether the Court should enter a complete bar order, as set forth in the proposed Final Order and Judgment; (v) whether the Court should

6

permanently bar and enjoin (A) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim (as herein defined) as to any Released Party (as herein defined), and (B) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Amended Complaint; (vi) whether to approve the Fee and Expense Amount (as defined below) to Lead Counsel; and (vii) any other matters that the Court may deem appropriate;

      e.      Approve the form of Notice of Settlement of Class Action and Hearing thereon ("Notice of Hearing") attached hereto as <u>Exhibit 2,</u> for mailing to Class Members in order to provide notice of the Final Settlement Hearing, and direct that GNI mail or cause to be mailed the Notice of Hearing to Class Members by first-class United States mail, postage prepaid, such mailing to occur within thirty (30) calendar days of entry of the Preliminary Approval Order, and direct that Lead Counsel shall post the Notice of Hearing and Stipulation on the website of Tucker Ellis, LLP no later than ten (10) calendar days after entry of the Preliminary Approval Order;

   f.  Find that notice pursuant to subparagraph (e) above constitutes the notice as ordered by the Court in the Preliminary Approval Order, constitutes due and sufficient notice of the Settlement and the matters set forth in said notices to all persons entitled to receive notice, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law;

   g.  Provide that any objections by Class Members to the Settlement reflected in this Stipulation, including the Fee and Expense Amount, shall be heard at the Final Settlement Hearing, and that any papers submitted in support of said objections shall be received and considered by the Court in connection with the Final Settlement Hearing (unless, in its discretion, the Court shall direct otherwise) only if persons making objections file with the Court, and serve upon Lead Counsel and counsel for Defendants, on or before the date set by the Court (such date to be at least twenty-one (21) calendar days before the Final Settlement Hearing), written notice of their intent to appear at the Final Settlement Hearing, and/or copies of any papers they ask the Court to consider in connection with issues to be addressed at the Final Settlement Hearing;

   h.  Provide that notices and papers pursuant to subparagraph (g) shall be deemed filed with the Court on the date they are received or postmarked (with service by mail to be first class and postage prepaid); and shall be deemed served on the Parties' counsel on the date they are received or postmarked (with service by mail to be first class and postage prepaid) to:

John Q. Lewis  
TUCKER ELLIS LLP  
950 Main Avenue, Suite 1100  

Joseph C. Weinstein  
SQUIRE PATTON BOGGS (US) LLP  
127 Public Square

Cleveland, Ohio 44113-7213
Tel: (216) 592-5000
*Counsel for Lead Plaintiff and the
Settlement Class*

Cleveland, Ohio  44114
Tel:  (216) 479-8500
*Counsel for the GNI Defendants*

Kip T. Bollin
THOMPSON HINE
3900 Key Tower
127 Public Square
Cleveland, Ohio  44114

Mitchell G. Blair
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, Ohio 44114

John R. Bielema
BRYAN CAVE LLP
One Atlantic Center, 14th Fl.
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471
*Counsel for the InterTech Defendants*

George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017-3954

*Counsel for First Reserve*

    i.  Provide that, from the date of the Preliminary Approval Order until the Court determines whether a final judgment should be entered in accordance with paragraph 2 below, Lead Plaintiff and all other Class Members, and any of them, and anyone acting on their behalf, are barred and enjoined from commencing, prosecuting, instigating or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity, against any Released Party; and

    j.  Provide that the Final Settlement Hearing may, from time to time and without further notice to Class Members, be continued or adjourned by order of the Court.

    2.  **Final Order and Judgment**.  At the Final Settlement Hearing set by the Court, Lead Plaintiff shall ask the Court immediately to enter a Final Order and Judgment

identical in substance to the form attached hereto as Exhibit 3 ("Judgment").  The Judgment shall specifically include provisions that:

        a.      Grant final certification of the Settlement Class solely for settlement purposes;

        b.      Approve the Settlement set forth in this Stipulation as fair, reasonable and adequate, and direct consummation of the Settlement in accordance with the terms and provisions of this Stipulation;

        c.      Dismiss with prejudice all claims in the Action, without the award of any damages, costs or fees, or the grant of any further relief, except as provided for by this Stipulation;

        d.      Adjudge that the Lead Plaintiffs and all other Class Members shall conclusively be deemed bound by the Release contained in paragraph 10 of this Stipulation, and permanently enjoin (A) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as Class Members or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim (as herein defined) as to any Released Party (as herein defined), and (B) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises

10

out of or relates to any Released Claim, including any claim that is based upon, arises out of or relates to the Actions or the transactions and occurrences referred to in the Amended Complaint;

     e.    Completely bar the claims relating to or arising out of any Released Claims, as described in Section 8 of the proposed Judgment;

     f.    Adjudge that Defendants shall conclusively be deemed bound by the release contained in Paragraphs 11-14 of the Stipulation;

     g.    Adjudge that the notice previously given to Class Members pursuant to paragraphs l(e) and (f) above constituted the notice as directed by the Court in the Preliminary Approval Order, constituted due and sufficient notice of the Actions, the Settlement, and the matters set forth in said notices to all persons entitled to receive notice, fully satisfied the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and otherwise complied with the terms of the Preliminary Approval Order; and

     h.    Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Stipulation and Settlement.

     3.    **Effect of Court Disapproval**.  Except as may otherwise be agreed to by the Parties pursuant to the terms hereof, in the event this Court (or any other court)

     a.    disapproves or sets aside this Stipulation or any material part hereof for any reason;

     b.    declines for any reason to enter or give effect to a Preliminary Approval Order identical in substance to that set forth in Exhibit 1;

     c.    declines for any reason to enter or give effect to a Judgment identical in substance to that set forth in Exhibit 3 to this Stipulation, provided, however, that the

11

allowance or disallowance or modification by the Court of the Fee and Expense Amount is not a condition to the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Amount shall not operate to modify, terminate or cancel this Stipulation or affect or delay the finality of the Final Order and Judgment or the releases contained therein or any other order entered pursuant to this Stipulation; or

        d.     holds that the Judgment, or any judgment entered pursuant thereto, should in any material part be overturned or modified;

then this Stipulation, and all negotiations, transactions, and proceedings in connection therewith (including the MOU and the Supplemental Disclosures) shall not be deemed to prejudice in any way the respective positions of the Parties, and the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of this Stipulation; (ii) the provisions contained in this Stipulation and all negotiations, discussions and proceedings in connection with this Stipulation (including the MOU and the Supplemental Disclosures) shall not be deemed a presumption, concession or admission by any Party of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement; (iii) the Defendants shall not be obligated to pay any of the fees or expenses provided for in this Stipulation (other than, if already incurred, the notice costs addressed in paragraph 8 of this Stipulation); (iv) the conditional certification of the Settlement Class as provided for herein shall be vacated and be of no further force and effect, and the Defendants shall not be precluded from opposing certification of any class in future

12

proceedings; <u>provided however</u>, that in the event that the Parties, within ten (10) business days of any such action of any court described in subparagraphs (a) through (d), jointly elect to appeal from or otherwise seek review or reconsideration of such court action, this Stipulation shall not be deemed null and void until such time as such court action becomes final after any proceedings arising directly or indirectly from the Parties' appeal(s) or other attempt(s) to have such court action reversed, withdrawn or overturned.

    4.    **<u>Effect of Certain Future Events on Stipulation</u>**.

        a.    If any action that would be barred by the releases contemplated by this Stipulation is commenced, prosecuted, continued, or instigated, either directly, representatively, derivatively, or in any other capacity, against any of the Released Parties (as defined in paragraph 10(b)) in any court prior to the Effective Date (as defined in paragraph 5), and if a motion to dismiss such action is not granted, or a motion to stay such action is not granted in contemplation of dismissal after the Effective Date, then all or any of the Defendants, at his, her, its, or their sole option, prior to the Effective Date, may withdraw from this Stipulation; <u>provided</u> <u>however</u>, that such Defendant has first given five (5) business days' notice to each of the counsel listed below so as to be received by such counsel the following day after notice is given.  Within five (5) business days of receipt of such notice, counsel may attempt to cause dismissal of the action asserting any of the Released Claims (as defined in paragraph 10(a) below).  If counsel succeed in obtaining dismissal of the action asserting the Released Claims within the five (5) business day period, then any termination or cancellation by such Defendant shall be deemed a nullity.  In order to constitute dismissal for purposes of this paragraph, an appropriate notice of dismissal, or motion to stay such action in contemplation of dismissal after the Effective Date, must have been filed with the proper court, and dismissal with prejudice, or an order granting a motion to stay such action in contemplation of dismissal after the Effective

13

Date, must have been entered.  This Stipulation shall remain binding as to any Defendant not so withdrawing.

        b.     If a Defendant elects to withdraw from this Stipulation pursuant to this paragraph 4, then (i) such Defendant and the Parties shall be restored to their respective positions as they existed immediately prior to execution of the MOU, and this Stipulation and all negotiations, transactions, and proceedings in connection herewith (including the MOU and the Supplemental Disclosures) shall not be deemed to prejudice in any way their respective positions, and the Action shall be deemed to revert to its status as of the date and time immediately prior to the execution of the MOU; (ii) the provisions contained in this Stipulation and all negotiations, discussions and proceedings in connection with this Stipulation (including the MOU and the Supplemental Disclosures) shall not be deemed a presumption, concession or admission by any Party of any fault, liability or wrongdoing or lack of any fault, liability or wrongdoing, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, and shall not be interpreted, construed, deemed, invoked, offered or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except in connection with any proceeding to enforce the terms of the Settlement; (iii) such Defendant shall not be obligated to pay any of the fees or expenses provided for in this Stipulation (other than, if already incurred, the notice costs addressed in paragraph 8 of this Stipulation); and (iv) the conditional certification of the Settlement Class as provided for herein shall be vacated and of no further force and effect with respect to such Defendant, and such Defendant shall not be precluded from challenging whether the case may proceed as a class action.

5.    **Effective Date of Settlement**.  The Settlement contemplated by this Stipulation shall be deemed effective, and the Parties and Class Members shall be definitively bound thereto, on the date on which the judgment entered pursuant to the Judgment shall be deemed "Final" (the "Effective Date").  The Judgment shall be deemed "Final" on the date upon which the judgment is no longer subject to any further appeal or judicial reconsideration or review, whether by affirmance on or exhaustion of any possible appeal or review, writ of certiorari, lapse of time, or otherwise.  Thus, "Final" means, without limitation, the date of expiration of the time for the filing or noticing of any appeal from, or other request for judicial reconsideration or review of, the Judgment, without any appeal or other request for judicial reconsideration or review having been filed or noticed; or, if an appeal or other request for further judicial review of the Judgment is timely filed or noticed, the date on which all appellate and/or other judicial proceedings resulting from such filing(s) or notice(s) have been finally terminated, and the Judgment identical in substance to the form attached hereto as Exhibit 3 has become effective without the possibility of further review by any court; provided however, and notwithstanding any provision to the contrary in this Stipulation, the pendency of any appeal or judicial reconsideration or review related to the approval of the Fee and Expense Amount, as addressed in paragraph 9, shall not be considered in determining the Effective Date.

6.    **Provision of Supplemental Disclosures**.  In consideration for this Stipulation, the Settlement and dismissal with prejudice of the Action, and the releases contemplated by this Stipulation, GNI agreed to and did file with the SEC a Current Report on Form 8-K, containing the Supplemental Disclosures, on December 23, 2016.  A copy of the Form 8-K is attached hereto as Exhibit 4.  Further, on December 8, 2016, (i) First Reserve filed with the SEC a supplemental Schedule 13D (*available at* https://www.sec.gov/Archives/

edgar/data/43350/000119312516788786/d209908dsc13d.htm), and (ii) the InterTech Defendants

filed with the SEC a supplemental Schedule 13D (*available at* https://www.sec.gov/

Archives/edgar/data/43350/000094852016000104/egas13d-a3.htm).  Lead Plaintiff and Lead

Counsel believe, based on the information available to them, that the Proxy Statement, with the

addition of the Supplemental Disclosures, provided a substantial benefit to GNI shareholders and

enabled them to make a meaningful and informed decision regarding whether to vote for or

against the Merger.  Defendants did not believe that the Supplemental Disclosures were

necessary under any applicable law, but they agreed to the Supplemental Disclosures to avoid the

expense and burden of continued litigation.  Defendants agree that the pendency of the Action

and efforts of Lead Plaintiff's counsel were the substantive cause of the dissemination of the

Supplemental Disclosures.

       7.    **Evaluation of Settlement Terms by Lead Counsel**.  Lead Counsel

hereby represents that it believes that the terms of this Stipulation are fair, reasonable, adequate

and in the best interest of all members of the Settlement Class.

       8.    **Payment of Costs and Administration of Notice**.  Defendants shall be

responsible for providing notice of the Settlement to the Class Members in conformance with the

Preliminary Approval Order.  Defendants or their insurers will pay all out-of-pocket costs for the

administration and costs of providing the Notice of Hearing in accordance with the Preliminary

Approval Order entered by the Court.

       9.    **The Fee and Expense Amount**.

          a.    Subject to approval of the Court, the Parties agree that Defendant

GNI or its insurer(s) shall pay to Lead Counsel the amount of $175,000 in attorneys' fees and

expenses (the "Fee and Expense Amount").  Lead Counsel agrees not to seek an award of attorneys' fees and expenses in any amount greater than $175,000.

       b.     Defendant GNI, its successor(s) or insurer(s), on behalf of GNI and for the benefit of the other Defendants, shall pay the Fee and Expense Amount to Lead Counsel within ten (10) business days of entry of the Judgment.  In the event that the Judgment is reversed or modified as a result of any appeal and/or any further proceedings on remand, or successful collateral attack, Lead Counsel shall refund to Defendant GNI (or its successor(s) or insurer(s)) the advanced amount and all interest accrued or accumulated thereon under interest rates prescribed by Ohio law.  Except as provided herein, the Released Parties (as defined herein) shall bear no other expenses, costs, damages or fees alleged or incurred by the Lead Plaintiff, by any other member of the Settlement Class or by any of their attorneys, experts, advisors, agents, or representatives.

       c.     Final resolution by the Court of the Fee and Expense Amount shall not be a condition to the Settlement or entry of the Judgment.

       d.     Notwithstanding anything else contained in this Stipulation, no fees or expenses that may otherwise be payable pursuant to this Stipulation shall be payable or paid prior to, or in the absence of: (i) entry of the Judgment by the Court approving the Fee and Expense Amount, or similar judgment and/or order approving Lead Counsel and/or Lead Plaintiff's fees and costs, and (ii) dismissal with prejudice of the Action.

       e.     The entry of the Judgment shall not divest the Court of jurisdiction over the amount of fees and expenses to be paid to Lead Counsel.

       10.    **Released Claims and Released Parties.**

       a.     As used herein, "Released Claim(s)" shall mean any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts,

17

expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature, or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined below), that Lead Plaintiff and/or any and all Class Members (in their capacity as shareholders) ever had, now have, or may have, or otherwise could, can, or might assert, whether direct, derivative, individual, class, representative, legal, equitable, or of any other type or in any other capacity, against any of the Released Parties, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, that, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, inactions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, or any series thereof, that were, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved or referred to in, or related to, directly or indirectly, the Action, including, without limitation, any and all claims that are based upon, arise out of, relate in any way to, or involve, directly or indirectly, (i) the Merger and/or the Merger Agreement, (ii) any actions, inactions, deliberations, or negotiations in connection with the Merger and/or the Merger Agreement, including the process of deliberation or negotiation by any of the Defendants and any of their respective officers, directors or advisors; (iii) the consideration received by GNI shareholders in connection with the Merger; (iv) the Proxy Statement, including amendments thereto, and any other representations, recommendations, publications, solicitations, disclosures, public filings, periodic reports, press releases, registration

statements, proxy statements, or other statements issued, made available or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) any fiduciary obligations of the Released Parties in connection with the Merger (to the extent that any such obligations existed), (vi) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Action (except as otherwise provided for in this Stipulation), (vii) the settlement of the Action, or (viii) any other claim or claims arising out of the transactions or occurrences described or discussed in the Amended Complaint; provided however, that the Released Claims shall not include the right of the Lead Plaintiff or any other members of the Settlement Class to make properly perfected claims for statutory appraisal in accordance with Ohio law or the right of any members of the Settlement Class to seek relief with respect to the Merger as a dissenting shareholders under Ohio Rev. Code §§ 1701.85, et seq.;

b.    As used herein, each of the following persons or entities is a "Released Party" and collectively are "Released Parties": (i) GNI, Michael B. Bender, James P. Carney, Kevin J. Degenstein, Richard K. Greaves, Jed D. Henthorne, Jennifer Haberman, Robert B. Johnston, Gregory J. Osborne, James E. Sprague, Vincent A. Parisi, Michael R. Winter, First Reserve Energy Infrastructure Fund II, L.P., FR Bison Holdings, Inc., FR Bison Merger Sub, Inc., The InterTech Group, Inc., Anita G. Zucker (individually and as Trustee of the Article 6 Marital Trust Under the First Amended and Restated Jerry Zucker Revocable Trust Dated April 2, 2007) and NIL Funding Corporation; (ii) any person or entity that is, was, or will be related to or affiliated with any of the persons or parties referred to in the preceding clause (including but not limited to FREIF II Echo AIV, L.P.) or in which any such person or party has, had, or will have a controlling interest; and (iii) the respective past or present insurers, reinsurers, family members, spouses, and heirs, as well as the respective past or present trusts, trustees, executors,

estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, stockholders, shareholders, principals, officers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors (including but not limited to Janney), advisors, consultants, investment bankers, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, and associates, of any of the persons or parties referred to in the preceding clauses (i) and (ii).

        c.     As used in the definition of Released Claims, "unknown claims" means any claim relating to the transactions or occurrences described in the Amended Complaint that any Party to this Stipulation and/or party to the Action – including all members of the Settlement Class – does not know or suspect exists in his, her or its favor at the time of the release of the Released Claims as against the Released Parties, including without limitation those that, if known, might have affected the decision to enter into the Settlement.

    11.    **Release by the Lead Plaintiff and All Other Class Members.**

        a.     As of the Effective Date, Lead Plaintiff and all other Class Members are deemed to have forever released, relieved, settled, and discharged, fully and completely, any and all Released Claims against any of the Released Parties.

        b.     With respect to any of the Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff shall have, and each other member of the Settlement Class shall be deemed to have, and by operation of the Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the

20

United States or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

Lead Plaintiff acknowledges, and the other members of the Settlement Class by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Lead Plaintiff, and by operation of law the other members of the Settlement Class, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, that now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery of additional or different facts. The Lead Plaintiff acknowledges, and the other members of the Settlement Class by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for and was a key element of the Settlement and was relied upon by each and all of the Defendants in entering into the Stipulation.

12.    **Release by the Defendants and the Released Parties**.  Upon the Effective Date, Defendants and the Released Parties release the Lead Plaintiff, Lead Counsel and the other Class Members from all claims arising out of the commencement, prosecution, settlement, or resolution of the Action, provided however, that the Defendants and Released Parties shall retain the right to enforce in the Court the terms of this Stipulation.

13.    **Stay of Proceedings; Challenges to the Settlement or Merger**.

21

    a.  Pending entry of the Preliminary Approval Order and the entry of the Judgment, the Parties agree to stay all proceedings in the Action, except those incident to the Settlement itself.

    b.  The Parties agree to use their best efforts to prevent, stay, or seek dismissal of, or to oppose entry of any interim or final relief in favor of, any claim by any member of the Settlement Class in any other litigation that would be barred by the releases contemplated by this Stipulation, and any other litigation against any of the Parties challenging the Settlement, the Merger, or any transactions contemplated thereby, or that otherwise involves, directly or indirectly, a Released Claim.

    14.  **Entire Agreement; Admissibility**.  This Stipulation constitutes the full and entire agreement and understanding of and between the Parties with regard to the settlement and compromise of the Action and supersedes any prior oral and written understandings, agreements and proposals concerning the matters described herein.  All agreements (including the MOU), covenants, representations, and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Stipulation are integrated herein and superseded by this Stipulation.  All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants, and warranties between the Parties are merged herein.  No Party is relying upon any statement or representation not specified in this Stipulation.  This Stipulation shall not be admissible in evidence except to enforce its terms.

    15.  **Governing Law; Continuing Jurisdiction**.  This Stipulation shall be governed by, and construed and enforced in accordance with, the laws of the State of Ohio without regard to Ohio's principles governing choice of law.  The Parties agree that any dispute arising out of or relating in any way to this Stipulation and its exhibits shall not be litigated or

otherwise pursued in any forum or venue other than the Court.  Each Party hereto waives any right to demand a jury trial as to any such action.  The Parties submit themselves to the exclusive jurisdiction of the Court for the enforcement and interpretation of the Stipulation and its exhibits, and all other matters regarding or relating to them.  Without affecting the finality of the Settlement, the Court shall retain jurisdiction for purposes, among other things, of administering the Settlement and resolving any disputes hereunder.

16.  **Headings**.  The headings in this Stipulation are solely for the convenience of the Parties, their counsel and the Court.  The headings shall not be deemed to be a part of this Stipulation and shall not be considered in construing or interpreting this Stipulation.

17.  **Execution in Counterparts**. This Stipulation may be executed in any number of actual or telecopied counterparts and by each of the different parties on several counterparts, each of which when so executed and delivered will be an original.  The executed signature page(s) from each actual or telecopied counterpart may be joined together and attached and will constitute one and the same instrument.  This Stipulation shall become effective upon complete execution.

18.  **Execution by Counsel**.  This Stipulation may be executed by Lead Counsel, on its own behalf and on behalf of the Lead Plaintiff and the Settlement Class, and by each Defendant's respective counsel on behalf of Defendants.  By executing this Stipulation, each undersigned counsel expressly represents and warrants that he/she has explained the terms of the Stipulation and the ramifications of the Settlement to his/her clients, that he/she is authorized and empowered to enter into the Stipulation on behalf of his/her stated client(s), that the signature of such counsel is intended to and does legally bind stated client(s) of such counsel, and that each such counsel has read this Stipulation and each exhibit hereto.

19.     **Lead Plaintiff's Representation**.  Lead Plaintiff, through her duly authorized counsel, represents that (i) she has agreed to serve as representative of the Settlement Class to be certified herein, (ii) she has consulted with Lead Counsel about the Action, this Stipulation and the obligations of a representative of the Settlement Class, and (iii) she approves of and has authorized Lead Counsel to enter into this Stipulation.  Lead Plaintiff further represents that she will not seek any incentive or other fee related to her involvement in the Action.

20.     **Modifications Only in Writing; Authorization of Lead Counsel**.  This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a written instrument signed by all of the signatories hereto or their successors-in-interest.  Lead Plaintiff expressly authorizes Lead Counsel to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms, and also expressly authorizes Lead Counsel to enter into such modifications or amendments to this Stipulation on behalf of Lead Plaintiff and the Settlement Class as Lead Counsel may deem appropriate and that do not materially prejudice Lead Plaintiff's or the other Class Members' rights.

21.     **Exhibits Incorporated by Reference**.  Each and every exhibit to this Stipulation is incorporated herein by reference as though fully set forth herein.

22.     **No Waiver of Breach**.  The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver, by that Party or by any other undersigned Party, of any other prior or subsequent breach of this Stipulation.  Moreover, any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and

such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by such other Party.

23.    **No Admission**.  All Defendants (a) have denied and continue to deny all fault or liability, and have denied and continue to deny that they have committed, or aided or abetted in the commission of, any unlawful or wrongful act alleged in the Action or otherwise in relation to (i) the Merger or the Merger Agreement, (ii) any actions, inactions, deliberations, or negotiations in connection with the Merger or the Merger Agreement, including the process of deliberation or negotiation by each of the Defendants and any of their respective officers, directors, special committees, or advisors, (iii) the consideration received by GNI shareholders in connection with the Merger, (iv) the Proxy Statement, including amendments thereto, and any other representations, recommendations, publications, solicitations, disclosures, public filings, periodic reports, press releases, registration statements, proxy statements, or other statements issued, made available or filed relating, directly or indirectly, to the Merger or the Merger Agreement, (v) any fiduciary obligations of the Released Parties in connection with the Merger (to the extent any such obligations existed), (vi) the fees, expenses, or costs incurred in prosecuting, defending, or settling the Action, or (vii) any other aspect of the transaction or occurrences discussed or described in the Amended Complaint; (b) have diligently and scrupulously complied with the federal securities laws, state fiduciary law, and any other applicable rule, statute, regulation, or law; (c) believe they have various defenses that are meritorious; and (d) assert that their conduct with respect to the matters complained of was in all respects and at all times proper, lawful, and in good faith, and, as to the directors of GNI, in the best interests of the shareholders of GNI.  Defendants have entered into this Stipulation solely to

25

avoid the substantial burden, expense, risk, inconvenience, and distraction of continued litigation, including the risk of adversely affecting the Merger. Nothing in this Stipulation, or in any document or instrument contemplated hereby, is to be construed as or deemed to be a presumption, concession or admission by any Defendant or Released Party of any fault, liability or wrongdoing as to any facts or claims that have been or might be alleged or asserted in the Action, or any other action or proceeding that has been, will be, or could be brought in relation to the Released Claims, the Merger, the Merger Agreement, the Proxy Statement or any other negotiation, deliberation, or action taken or contemplated with regard to the Merger, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, for any purpose other than as provided expressly herein. Accordingly, this Stipulation may not be used by any third party against any Party hereto. Pursuant to Federal Rule of Evidence 408, the entering into and carrying out of this Stipulation, the exhibits hereto, and any negotiations or proceedings related thereto shall not in any event be construed as, or deemed evidence of, an admission or concession by any of the undersigned parties or a waiver of any applicable statute of limitations, and shall not be offered or received into evidence in any action or proceeding against any undersigned Party in any court, administrative agency, arbitral forum or other tribunal for any purpose whatsoever, other than to enforce the provisions of this Stipulation or the provisions of any related agreement or exhibit hereto.

       24. **Non-Assignment of Claims**. Lead Plaintiff and her counsel represent and warrant that the Lead Plaintiff is a member of the Settlement Class, that Lead Plaintiff has been a continuous owner of GNI stock since January 1, 2014, and that none of the Lead Plaintiff's claims or causes of action asserted in the Action, or any claims that could have been alleged in

the Action, or any claims or causes of action referred to in any complaint in the Action or this Stipulation, have been assigned, encumbered or in any manner transferred in whole or in part.

25. **Legal Representation**. The Parties to this Stipulation acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting and execution of this Stipulation. Accordingly, the language used in this Stipulation will be deemed to be language chosen by all Parties hereto to express their mutual intent, and no rule of strict construction against any Party hereto will apply to any term or condition of this Stipulation. All Parties agree that this Stipulation was drafted by counsel for the Parties at arm's length and that no parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Stipulation was made or executed. Nor shall there be any presumption for or against any Party that drafted all or any portion of this Stipulation.

26. **Compliance with the Class Action Fairness Act**. As set forth in the Class Action Fairness Act of 2005 ("CAFA"), Defendants shall timely serve the requisite CAFA notices within ten (10) days of the filing of this Stipulation with the Court. Prior to the Final Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court, by affidavit or declaration, proof of compliance with CAFA's notice provisions (28 U.S.C. § 1715(b)).

27. **Cooperation**. The Parties to this Stipulation and their respective counsel agree to cooperate fully with one another in seeking Court approval of this Settlement and in the execution of such documents as are reasonably necessary and appropriate to obtain approval of and to implement this Stipulation, to use commercially reasonable efforts to perform all terms of

this Stipulation, and to use their best efforts to have any collateral attack upon this Stipulation or the Settlement promptly dismissed or rejected.


          IN WITNESS HEREOF, the undersigned have executed this Stipulation effective as of the date stated above.

28

John Q. Lewis (0067235)
Seth L. Linnick (0083494)
Katya S. Cronin (0092764)
Casey L. Holzapfel (0093667)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio  44113-7213
Tel:  (216) 592-5000
Fax:  (216) 592-5009
Email:  john.lewis@tuckerellis.com
seth.linnick@tuckerellis.com
katya.cronin@tuckerellis.com
casey.holzapfel@tuckerellis.com

*Counsel for Lead Plaintiff Alison D. Masters*

Kip T. Bollin (0065275)
Mark R. Butscha, Jr. (0088854)
THOMPSON HINE
3900 Key Tower
127 Public Square
Cleveland, OH 44114
Tel: (216) 566-5500
Fax: (216) 566-5800
Email: kip.bollin@thompsonhine.com
mark.butscha@thompsonhine.com

John R. Bielema (*pro hac vice*)
Michael P. Carey (*pro hac vice*)
Bryan Cave LLP
One Atlantic Center
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471
Tel: (404) 572-6000

Joseph C. Weinstein (0023504)
Sean L. McGrane (0091287)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Tel: (216) 479-8500
Fax: (216) 479-8780
Email:  joe.weinstein@squirepb.com
sean.mcgrane@squirepb.com

*Counsel for Defendants*
*Gas Natural Inc., Michael B. Bender*
*James P. Carney, Richard K. Greaves,*
*Robert B. Johnston, Gregory J. Osborne,*
*Michael R. Winter, Kevin J. Degenstein,*
*Jennifer Haberman, James E. Sprague,*
*Jed D. Henthorne and Vincent A. Parisi*

Mitchell G. Blair (0010892)
Fritz E. Berckmueller (0081530)
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, OH 4114
Tel: (216) 622-8200
Fax: (216) 241-0816
Email: mblair@calfee.com
fberckmueller@calfee.com

George S. Wang (*pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017-3954
Tel: (212) 455-2000
Fax: (212) 455-2502

Fax: (404) 572-6999

*Counsel for Defendants Anita G. Zucker Individually and as Trustee of the Article 6 Marital Trust Under the First Amended and Restated Jerry Zucker Revocable Trust Dated April 2, 2007), The InterTech Group, Inc. and NIL Funding Corp.*

*Counsel for Defendants FR Bison Holdings, Inc., FR Bison Merger Sub, Inc. and First Reserve Energy Infrastructure Fund II, L.P.*

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ALISON D. MASTERS, on behalf of herself )
and all other similarly situated shareholders )
of Gas Natural, )
                                  )
                Lead Plaintiff, )
                                  )
    v. )
                                  )
MICHAEL B. BENDER, et al., )
                                  )
                Defendants. )
                                  )

Case No. 16-cv-02880

Hon. Patricia A. Gaughan

## ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

WHEREAS, the above-captioned action (the "Action") is pending before this Court;[1]

WHEREAS, on March 13 2017, Lead Plaintiff Alison D. Masters ("Lead Plaintiff") filed with this Court the Stipulation and Unopposed Motion for Preliminary Approval of Class Action Settlement ("Unopposed Motion");

WHEREAS, the Stipulation sets forth the terms and conditions of a Settlement of the Action and for dismissal of the Action, with prejudice, upon the terms and conditions set forth therein (the "Settlement");

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Rules 23 and 41 of the Federal Rules of Civil Procedure, as follows:

1.      The Settlement set forth in the Stipulation is preliminarily approved, pending a final hearing on the Settlement as provided herein. The Court preliminarily finds that the Settlement is sufficiently fair, reasonable and adequate to warrant sending notice to the

---

[1] Unless otherwise indicated, capitalized terms herein shall have the same meaning as given them in the Stipulation of Settlement ("Stipulation") dated March 7, 2017.

Settlement Class and scheduling a Final Settlement Hearing for final review of the Settlement. The Court concludes that (i) the Settlement is within the range of possible approval and appears to be the result of serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel, and (ii) the terms and conditions of the Stipulation do not have any obvious deficiencies.

2.      For purposes of the Settlement only, the Court finds and determines that this Action may proceed as a non-opt-out class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all former shareholders (whether record or beneficial) of GNI common stock, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held GNI common stock on or after January 1, 2014, excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of any of the Defendants, and the legal representatives, heirs, successors or assigns of any such excluded person.

3.      For purposes of the Settlement only, the Court further finds and determines that Lead Plaintiff and Lead Counsel will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in this Action, and have done so to date.

4.      Having reviewed the proposed form of Notice of Settlement of Class Action and Hearing thereon (the "Notice of Hearing"), attached as Exhibit 2 to the Stipulation, the Court hereby approves such Notice of Hearing and directs that GNI mail, or cause to be mailed, such Notice of Hearing to all members of the Settlement Class who can be identified with reasonable

efforts.  The mailing is to be made by first-class United States mail, postage prepaid, within thirty (30) calendar days of the entry of this Order.  GNI or its insurer(s) shall pay all out-of-pocket costs for the administration and costs of providing the Notice of Hearing in accordance with this Order.

5.      No later than ten (10) calendar days after entry of this Order, Lead Counsel shall post the Notice of Hearing and Stipulation on the website of Tucker Ellis LLP.

6.      The Court finds and determines that the Notice of Hearing and the mailing of the Notice of Hearing constitute due and sufficient notice of the Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfy the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

7.      The Parties and their counsel may by agreement effect any amendments or modifications of the proposed Notice of Hearing without notice to or approval by the Court if such changes are not materially inconsistent with this Order and do not limit the rights of Class Members.

8.      Defendants shall maintain the right to communicate orally and in writing with GNI shareholders (including Class Members) in a non-disparaging way about the Action and the Proposed Settlement if such communications are limited to the following:

        a.      Communications regarding the subject matter of the Proposed Settlement or the Stipulation between Class Members and representatives of the Defendants whose responsibilities include investor relations;

        b.      Communications as may be necessary to implement the terms of the Stipulation; and

       c.     Such communications as may be made in the conduct of the Defendants' businesses, including to comply with any applicable stock-exchange requirements.

    9.     A hearing will be held at _____ a.m. on _____, 2017, before the Honorable Patricia A. Gaughan at the Carl B. Stokes United States Court House, 801 West Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113-1835 (the "Final Settlement Hearing"), to determine:

       a.     whether the Settlement on the terms set forth in the Stipulation should be approved as fair, reasonable, and adequate;

       b.     whether the class notice and notice methodology constituted due, adequate, and sufficient notice to all persons entitled to notice, and met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, and constituted the notice as directed by the Court in the Preliminary Approval Order, to apprise Class Members of (i) the pendency of the Action, (ii) the nature and terms of the Settlement, (iii) the Class Members' right to object to the Settlement, and (iv) the Class Members' right to appear at the Final Settlement Hearing;

       c.     whether a final judgment should be entered dismissing the claims of the Lead Plaintiff and all other Class Members with prejudice, as contemplated by the Stipulation;

       d.     whether the Court should enter a complete bar order, as set forth in the proposed Final Order and Judgment;

       e.     whether the Court should permanently bar and enjoin (i) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit,

- 4 -

arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Amended Complaint;

      f.      whether to approve the Fee and Expense Amount to Lead Counsel; and

      g.      any other matters that the Court may deem appropriate.

10.      At least ten (10) calendar days prior to the Final Settlement Hearing, GNI shall cause an affidavit to be filed with the Court certifying that the Notice of Hearing has been mailed as directed in this Order.

11.      At least ten (10) calendar days prior to the Final Settlement Hearing, (i) Lead Counsel shall cause an affidavit to be filed with the Court certifying that the Notice of Hearing and Stipulation were posted on the website of Tucker Ellis LLP as directed in this Order, and (ii) Defendants shall cause to be filed with the Court, by affidavit or declaration, proof of compliance with the notice provisions of the Class Action Fairness Act (28 U.S.C. § 1715(b)).

12.      Any Class Member may submit a written objection to the proposed Settlement (or any part of it) and may also appear at the Final Settlement Hearing, either on his or her own or

through counsel hired at his or her own expense, if the Class Member previously filed and served a timely written objection.  Written objections must include (*i*) the Class Member's name, address, telephone number, and signature, (*ii*) the number of shares of GNI common stock held at any time as of or after January 1, 2014, (*iii*) the reasons why the Class Member thinks the Court should not approve the Settlement and/or the award of attorneys' fees and expenses, and (*iv*) all documents and other materials that the Class Member wants the Court to consider.  A Class Member who has filed and served written objections – and only such persons – may also request permission to speak at the Final Settlement Hearing, either in person or through an attorney hired at his or her expense, by filing and serving a Notice of Intention to Appear.  The Notice of Intention to Appear must be filed with the Court and must be called a "Notice of Intention to Appear at Settlement Hearing in *Masters v. Bender, et al.*, No. 16-cv-02880."  The Notice of Intention to Appear must include the objecting Class Member's name, address, telephone number, and signature.  If a Class Member wishes to appear through an attorney, the Notice of Intention to Appear must also include the attorney's name, address, telephone number, and signature.  Any written objections and Notices of Intention to Appear must be filed with the Court and served on the Parties' counsel at the addresses listed below so that the objections and Notices of Intention to Appear are received or postmarked (first-class mail, postage prepaid) at least twenty-one (21) calendar days prior to the Final Settlement Hearing (*i.e.*, by no later than _____, 2017):

John Q. Lewis
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio  44113-7213
*Counsel for Lead Plaintiff and the*
*Settlement Class*

Joseph C. Weinstein
127 Public Square
Cleveland, Ohio  44114
Tel:  (216) 479-8500
*Counsel for the GNI Defendants*

Kip T. Bollin
THOMPSON HINE
3900 Key Tower
127 Public Square
Cleveland, Ohio  44114

John R. Bielema
BRYAN CAVE LLP
One Atlantic Center, 14th Fl.
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471

*Counsel for the InterTech Defendants*

Mitchell G. Blair
CALFEE, HALTER & GRISWOLD LLP
1405 East Sixth Street
Cleveland, Ohio 44114

George S. Wang
SIMPSON THACHER & BARTLETT LLP
425 Lexington Ave.
New York, NY 10017-3954

*Counsel for First Reserve*

13.     No person shall be entitled to object to the Settlement, to the final judgment to be entered in this Action, or to any award of attorneys' fees and expenses to Lead Counsel, or otherwise to be heard, except by serving and filing written objections and, if desired, a Notice of Intention to Appear in the form and manner, and by the date, required by the Notice of Hearing. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, shall be forever barred from raising such objections in this or any other action or proceeding and shall be bound by the terms of the Final Order and Judgment, unless otherwise ordered by the Court.

14.     Pending final determination of whether the Settlement should be approved: (i) Lead Plaintiff and all other Class Members, and any of them, and anyone acting on their behalf, are barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or

relates to any Released Claim as to any Released Party, and (ii) all persons and entities are barred and enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Amended Complaint.

15.     All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until resolution of all such Settlement-related proceedings.

16.     All papers in support of final approval of the Settlement and/or an award of attorneys' fees and expenses to Lead Counsel shall be filed with the Court and served upon all counsel of record at least forty (40) calendar days before the Final Settlement Hearing.  Any reply papers in support of final approval of the Settlement and/or an award of attorneys' fees and expenses, and any responses to objections or oppositions, must be filed and served at least five (5) calendar days before the Final Settlement Hearing.

17.     If the Court does not approve the Settlement, or the Settlement does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), any class certification herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect except for GNI's obligation to pay for any expense incurred in connection with mailing the

Notice of Hearing, and the Action shall proceed without prejudice to any Party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court.

18.     Neither the Stipulation nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or deemed to be evidence of, an admission or concession on the part of Lead Plaintiff, any Defendant, any other Class Member, or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature.

19.     Lead Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections that come into their possession unless they can determine that the other counsel has received those papers.

20.     The Court may adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind to Class Members.

21.     The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties in writing, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**


DATED: _____, 2017          **BY THE COURT:**


_____

Hon. Patricia A. Gaughan

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALISON D. MASTERS, on behalf of herself and all other similarly situated shareholders of Gas Natural, | ) ) ) | Case No. 16-cv-02880 |
| Lead Plaintiff, | ) ) | Hon. Patricia A. Gaughan |
| v. | ) ) | |
| MICHAEL B. BENDER, et al., | ) ) | |
| Defendants. | ) ) ) | |

**NOTICE OF SETTLEMENT OF CLASS ACTION AND HEARING**

**TO: ALL RECORD AND BENEFICIAL HOLDERS OF THE COMMON STOCK OF GAS NATURAL INC. ("GNI" OR THE "COMPANY") AS OF OR AFTER JANUARY 1, 2014.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOU MAY BE AFFECTED BY A PROPOSED SETTLEMENT OF CLASS ACTION LITIGATION.**

This Notice of Settlement of Class Action and Hearing ("Notice") has been sent to inform you of the settlement of a class action filed on behalf of shareholders of GNI on or after January 1, 2014.[1]  The Settlement is subject to the approval of the United States District Court for the Northern District of Ohio (the "Court").  The Court authorized the mailing of this Notice to you. This Notice does not express the Court's opinion about the merits of any claims or defenses in the class action.  If the Court approves the proposed Settlement, the case captioned *Masters v. Bender, et al.*, No. 16-cv-02880 (the "Action") will end.  This Notice is not a solicitation from a lawyer.

On _____, 2017, the Court preliminarily approved the Settlement between the Parties.

The Settlement provides, in part, for the supplemental disclosures that GNI agreed to make before GNI's shareholders were required to vote on the acquisition of GNI by FR Bison Holdings, Inc. (the "Merger"), for the release of all claims arising out of or relating to the Merger, and for the payment of Lead Plaintiff's attorneys' fees and expenses.  In reaching this Settlement, Lead Plaintiff and Defendants have avoided the costs, time, expense, distraction, and risks associated with continued litigation, and the shareholders received the supplemental disclosures before they had to vote on the Merger.

Your rights and options are explained in this Notice.  A summary of your rights is set forth below.  The date of the Final Settlement Hearing, at which the Court will decide whether to approve the Settlement, is subject to change without further notice.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **OBJECT** | You may write to the Court and the Parties' counsel if you do not like any aspect of the Settlement. Objections must be received or postmarked (first-class mail, postage prepaid) by _____, 2017. |
| **GO TO THE FINAL SETTLEMENT HEARING** | You may ask to attend the Final Settlement Hearing and tell the Court about your concerns relating to the Settlement, but only if you submitted a timely written objection to the Court and counsel. |
| **DO NOTHING** | You may do nothing.  You will be bound by the Judgment of the Court. |
| **DEADLINES** | The Final Settlement Hearing will take place on _____, 2017 at __:__ a./p.m.  Comments on the |

---

[1] Except as expressly provided herein, all capitalized terms shall have the same meanings and/or definitions as set forth in the Stipulation of Settlement dated __, 2017 (the "Stipulation").

proposed Settlement must be filed and served so that they are received or postmarked no later than _____, 2017 (twenty-one days prior to the date set for the Final Settlement Hearing).

**MORE INFORMATION**

More information concerning the Settlement can be obtained by calling or writing to Lead Counsel:

John Q. Lewis
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio  44113-7213
*Counsel for Lead Plaintiff and the Settlement Class*
(216) 696-5325
john.lewis@tuckerellis.com

-ii-

# WHAT DOES THIS NOTICE CONTAIN

BASIC INFORMATION ............................................................................................... 1

1.      Why Did I Get This Notice Package?.......................................................... 1

2.      What Is This Lawsuit About? ....................................................................... 1

3.      What Is a Class Action?................................................................................ 1

4.      What Is the Procedural History of the Action?........................................... 2

5.      Why Is There a Settlement?......................................................................... 4

6.      How Do I Know If I Am Part of the Settlement? ....................................... 5

7.      What Are the Exceptions to Being Included?............................................. 5

8.      I Am Still Not Sure If I Am Included. ........................................................ 6

9.      What Benefits Were Obtained as Part of the Settlement? ......................... 6

THE LAWYERS REPRESENTING YOU ............................................................... 6

10.     Do I Have a Lawyer in This Case? ............................................................. 6

11.     How Will the Lawyers Be Paid?................................................................. 7

THE SETTLEMENT HEARING ............................................................................... 7

12.     When and Where Will the Court Decide Whether to Approve the Settlement? ............... 7

13.     Do I Have to Come to the Hearing?............................................................ 7

COMMENTING ON THE SETTLEMENT ............................................................. 8

14.     How Do I Tell the Court If I Do Not Like the Settlement? ...................... 8

GETTING MORE INFORMATION .......................................................................... 9

15.     Are There More Details About the Settlement? ........................................ 9

16.     How Do I Get More Information? ............................................................... 9

17.     Notice to Persons or Entities Holding Record Ownership on Behalf of Others ............... 10

010-8438-8910/1/AMERICAS

## BASIC INFORMATION

**1.      Why Did I Get This Notice Package?**

You or someone in your family may have held GNI common stock as of or after January 1, 2014.  The Court directed that this Notice be sent to you because, if you are a member of the Settlement Class, you have a right to know about the Settlement of the class Action and about all of your options before the Court decides whether to approve the Settlement.  This package describes the Action, the Settlement, and your legal rights.

**2.      What Is This Lawsuit About?**

The lawsuit is about the Merger between GNI and FR Bison Holdings, Inc. – a merger that was approved by stockholders on December 28, 2016.  The Settlement will resolve Lead Plaintiff's claims about the Merger.

The Settlement is the product of: (i) Lead Counsel's independent investigation into the Merger; (ii) Lead Counsel's review of certain discovery material produced at the request of Lead Counsel; (iii) the additional disclosures that GNI made before GNI shareholders had to vote on the Merger; and (iv) Lead Plaintiff and Lead Counsel's determination that the Settlement of the Action is in the best interests of the Settlement Class.

If the Court approves the Settlement, all members of the Settlement Class will release all claims relating to the Merger and other matters alleged in the Action against the Defendants and certain other parties ("Released Parties").  The exact terms of the release are contained in the Stipulation, which is available electronically on the Court's docket through the PACER system (www.pacer.gov) and is also available on the following website: http://www.tuckerellis.com/news_publications/news-events-1149.

**3.      What Is a Class Action?**

In a class action, one or more persons sue on behalf of people who have similar claims. These people are collectively referred to in this Notice as the Settlement Class.  The Court has appointed Lead Plaintiff to act as representatives of the Settlement Class.  The Court will resolve the issues for all the members of the Settlement Class.

| 4. | What Is the Procedural History of the Action? |
|---|---|

**THE FOLLOWING EXPLANATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

On October 8, 2016, GNI entered into a merger agreement with FR Bison Holdings, Inc. and FR Bison Merger Sub, Inc. (together with First Reserve Energy Infrastructure Fund II, L.P., "First Reserve") pursuant to which FR Bison Holdings, Inc. agreed to purchase all outstanding common shares of GNI in cash for $13.10 per share.

On November 3, 2016, Lead Plaintiff filed a putative class action and shareholder derivative lawsuit against the Defendants in the Cuyahoga Court of Common Pleas, captioned Alison D. Masters, on behalf of herself and all other similarly situated shareholders of Gas Natural v. Michael D. Bender, et al., Case No. CV-16-871400.

On November 9, 2016, GNI filed a Schedule 14A Preliminary Proxy Statement with the United States Securities and Exchange Commission (the "SEC") that disclosed that GNI's Board of Directors had unanimously determined that the Merger was and is in the best interests of GNI and its shareholders and recommended that GNI's shareholders vote to approve the Merger.

On November 17, 2016, Lead Plaintiff filed an Amended Verified Complaint (the "Amended Complaint") in the Action.

On November 23, 2016, GNI filed a Schedule 14A Definitive Proxy Statement with the SEC.

On November 28, 2016, defendants removed the Action to the Court.

On December 8, 2016, First Reserve filed with the SEC a supplemental Schedule 13D (*available at* https://www.sec.gov/Archives/edgar/data/43350/ 000119312516788786/d209908dsc13d.htm).  Also on December 8, 2016, the InterTech Defendants filed with the SEC a supplemental Schedule 13D (*available at* https://www.sec.gov/Archives/ edgar/data/43350/000094852016000104/egas13d-a3.htm).

On December 9, 2016, the GNI Defendants and First Reserve filed separate motions to dismiss the claims asserted against them.  On December 12, 2016, the InterTech Defendants filed a motion to dismiss the claims asserted against them.

On or around December 14, 2016, the Parties agreed to a Stipulated Protective Order under which GNI would produce certain discovery relating to the Merger and/or the Merger Agreement to Lead Plaintiff on an expedited basis.

On or around December 14, 2016, GNI produced certain documents to Lead Plaintiff in discovery, including (i) Board meeting minutes and (ii) presentations made to the Board by GNI's financial advisor, Janney Montgomery Scott LLC.

On December 23, 2016, following arm's length negotiations, the Parties (through counsel) executed a Memorandum of Understanding (the "MOU") that reflected an agreement in principle between and among the Parties to settle the Action on behalf of the Lead Plaintiff, the Settlement Class and the Defendants, subject to the subsequent agreement upon and execution of a formal stipulation of settlement and ultimate approval by the Court.

On December 23, 2016, following arm's length negotiations with Lead Plaintiff's counsel at Tucker Ellis LLP ("Lead Counsel"), GNI filed with the SEC a Current Report on Form 8-K, in which GNI provided certain additional disclosures relating to the Merger to supplement those contained in the Definitive Proxy Statement (the "Supplemental Disclosures").

On December 28, 2016, the shareholders of GNI voted to approve the Merger.

On February 24, 2017, the Court entered an Order appointing Ms. Masters as Lead Plaintiff and Tucker Ellis LLP as Lead Counsel, pursuant to the provisions of the Private Securities Litigation Reform Act of 1995

The negotiations and the Supplemental Disclosures led to the Parties' agreement on a Stipulation of Settlement (the "Stipulation") to resolve all remaining claims related to or arising out of the Merger.  The Stipulation reflects the results of the Parties' negotiations and was reached after arm's-length negotiations between the Parties, who were all represented by counsel with extensive experience and expertise in shareholder class action litigation.  During the negotiations, all Parties had a clear view of the strengths and weaknesses of their respective claims and defenses.  Lead Plaintiff and Lead Counsel have concluded that the terms of the Stipulation are fair and adequate to the Settlement Class, and that it is reasonable to pursue a settlement of the Action.

## 5.     Why Is There a Settlement?

Lead Plaintiff believes that the claims asserted in the Action have merit.  However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial and through appeals.  Lead Plaintiff and Lead Counsel also have taken into account the inherent problems of proving their case, the Defendants' possible defenses, and the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Plaintiff and Lead Counsel believe that the Supplemental Disclosures obtained as a result of the Settlement have conferred substantial benefits upon the Settlement Class by enabling a fully informed vote on the Merger.  Based on their evaluation,

Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

The Defendants have denied and continue to deny the allegations made in the Action and all other purported concerns expressed by Lead Plaintiff about the Merger and the Merger Agreement, and Defendants maintain that they have committed no breach of fiduciary duty or other wrongdoing whatsoever, have committed no disclosure or other violations, and have not aided or abetted any breach of fiduciary duty or other alleged wrongdoing. Nonetheless, the Defendants have concluded that further litigation could be protracted and expensive. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Action. The Defendants have, therefore, determined that it is desirable and beneficial for them to settle the Action in the manner and upon the terms and conditions set forth in the Stipulation.

| 6. | How Do I Know If I Am Part of the Settlement? |
|---|---|

You are part of the Settlement if you are a Class Member. For purposes of the Settlement, the Court has certified a non-opt-out Settlement Class consisting of all former shareholders (whether of record or beneficial) of GNI common stock, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held GNI common stock on or after January 1, 2014.

| 7. | What Are the Exceptions to Being Included? |
|---|---|

Excluded from the Settlement Class are Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of any

-5-

Defendant, and the legal representatives, heirs, successors or assigns of any such excluded person.

**8.      I Am Still Not Sure If I Am Included.**

If you are still not sure whether you are a member of the Settlement Class, you can ask for free help.  You can write to or call Lead Counsel at the following address or phone number for more information: John Q. Lewis, 950 Main Avenue, Suite 1100, Cleveland, OH 44113; Telephone: (216) 696-5325, Facsimile: (216) 592-5009, email: john.lewis@tuckerellis.com.

**9.      What Benefits Were Obtained as Part of the Settlement?**

On December 23, 2016, GNI filed with the SEC a Current Report on Form 8-K containing the Supplemental Disclosures.  A copy of the Form 8-K is attached to the Stipulation as Exhibit A, and can be located on the SEC's website at https://www.sec.gov/Archives/edgar/data/43350/000119312516803245/d269807d8k.htm.  The Stipulation is also available on the following website: http://www.tuckerellis.com/news_publications/news-events-1149.  The Supplemental Disclosures provided additional information concerning the Merger and the Merger Agreement. The Defendants have acknowledged that they provided the Supplemental Disclosures in response to Lead Plaintiff's allegations in the Action and Lead Plaintiff's prosecution and settlement of the Action.

**THE LAWYERS REPRESENTING YOU**

**10.      Do I Have a Lawyer in This Case?**

The Court appointed the following law firm to represent Lead Plaintiff and all other members of the Settlement Class:

TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Telephone: (216) 696-5325

If you want to be represented by your own lawyer, you may hire one at your own expense.

| 11. | How Will the Lawyers Be Paid? |
| --- | --- |

Lead Counsel has neither received any payment for its services in prosecuting the Action on behalf of Lead Plaintiff and the Settlement Class, nor been paid for their expenses.  After resolving the substantive terms of the Settlement, the Parties negotiated an amount of attorneys' fees and expenses to compensate Plaintiffs' counsel for their work in achieving the benefits of this Settlement.  Subject to Court approval, GNI shall pay $175,000 to Lead Counsel for Lead Plaintiff's attorneys' fees and expenses (the "Fee and Expense Amount").  Neither you nor any other member of the Settlement Class will be personally liable for the Fee and Expense Amount. The agreed-upon Fee and Expense Amount will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

## THE SETTLEMENT HEARING

| 12. | When and Where Will the Court Decide Whether to Approve the Settlement? |
| --- | --- |

The Court will hold a hearing to decide whether to approve the proposed Settlement.  The Final Settlement Hearing will be held at _____, 2017 at __:__ a./p.m, at the Carl B. Stokes United States Court House, 801 West Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113-1835.  At the Final Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are comments on or objections to the Settlement, the Court will consider them.  If the Settlement is approved, the Court will also consider whether to approve the payment of the Fee and Expense Amount pursuant to the Stipulation.  The Court may decide these issues at the Final Settlement Hearing or take them under advisement and decide them later.  We do not know how long these decisions will take.

| 13. | Do I Have to Come to the Hearing? |
| --- | --- |

No.  Lead Counsel will answer questions the Court may have.  But you are welcome to come at your own expense.  If you send a comment or objection (as described below), you do not

have to come to Court to talk about it.  As long as you mail your written correspondence on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## COMMENTING ON THE SETTLEMENT

**14.     How Do I Tell the Court If I Do Not Like the Settlement?**

If you are a Class Member, you can tell the Court that you do not agree with the Settlement, or some part of it, in two ways: you can submit written objections, and you can appear at the Final Settlement Hearing either on your own or through counsel hired at your own expense if you previously filed and delivered a timely written objection.  If you want to submit a written objection to the Settlement (or any part of it), you must serve and file a written statement of your specific objections to any matter before the Court and grounds for your objection.  You must also include all documents and other writings that you wish the Court to consider.  Your objection must include your name, address, telephone number, signature, the number of shares of GNI common stock you held at any time as of or after January 1, 2014, and the reasons why you think the Court should not approve the Settlement and/or the award of attorneys' fees and expenses.  A Class Member who has filed and served written objections – and only such persons – may also request permission to speak at the Final Settlement Hearing, either in person or through an attorney hired at his or her expense, by filing and serving a Notice of Intention to Appear.  The Notice of Intention to Appear must be addressed to the Court and must be called a "Notice of Intention to Appear at Settlement Hearing in *Masters v. Bender, et al.,* Case No. 16-cv-02880."  The Notice of Intention to Appear must include the objecting Class Member's name, address, telephone number, and signature.  If you wish to appear through an attorney, the Notice of Intention to Appear must also include your attorney's name, address, telephone number, and signature.  Any written objections and Notices of Intention to Appear must be filed with the Court, and served on the Parties' counsel listed below, so that the objections and Notices of Intention to Appear are received or postmarked (first-class mail, postage prepaid) at least twenty-one   (21) calendar days prior to the Final Settlement Hearing (*i.e.*, by no later than _____, 2017):

John Q. Lewis                             Joseph C. Weinstein
TUCKER ELLIS LLP                          127 Public Square
950 Main Avenue, Suite 1100               Cleveland, Ohio  44114
Cleveland, Ohio  44113-7213               Tel:  (216) 479-8500
*Counsel for Lead Plaintiff and the*      *Counsel for the GNI Defendants*
*Settlement Class*


Kip T. Bollin                             Mitchell G. Blair
THOMPSON HINE                             CALFEE, HALTER & GRISWOLD LLP
3900 Key Tower                            1405 East Sixth Street
127 Public Square                         Cleveland, Ohio 44114
Cleveland, Ohio  44114

                                          George S. Wang
John R. Bielema                           SIMPSON THACHER & BARTLETT LLP
BRYAN CAVE LLP                            425 Lexington Ave.
One Atlantic Center, 14th Fl.             New York, NY 10017-3954
1201 W. Peachtree St., N.W.
Atlanta, GA 30309-3471                    *Counsel for First Reserve*

*Counsel for the InterTech Defendants*

## GETTING MORE INFORMATION

| 15. | Are There More Details About the Settlement? |
|---|---|

This Notice summarizes the Settlement.  This summary is qualified by, and subject to, the detailed terms of the Stipulation together with the exhibits attached thereto.

| 16. | How Do I Get More Information? |
|---|---|

Additional information concerning the Settlement is available in the Stipulation and its exhibits, which is available through the PACER system (www.pacer.gov) and is also available on the following website:  http://www.tuckerellis.com/news_publications/news-events-1149.

For more information concerning the Settlement or to obtain a copy of the Stipulation and/or its exhibits, you may contact: Tucker Ellis LLP, John Q. Lewis, 950 Main Avenue, Suite 1100, Cleveland, OH 44113; Telephone: (216) 696-5325, Facsimile: (216) 592-5009, email: john.lewis@tuckerellis.com.

**17.        Notice to Persons or Entities Holding Record Ownership on Behalf of Others**

If you held any GNI common stock as of or after January 1, 2014, as nominee for the beneficial owner, in "street name," or in your name as trustee or fiduciary, please either (1) advise _____ in writing within ten (10) days of the date of receipt of this Notice, to _____, or by fax to _____, or by email to _____, so that an appropriate quantity of these Notices can be sent to you for distribution to all beneficial owners for whom you held such stock, or (2) provide _____ with the names and addresses of such beneficial owners, preferably on computer-generated mailing labels, or electronically, in MS Word or WordPerfect files (label size Avery #5162), or in any MS Excel data table setting forth (a) title/registration, (b) street address, and (c) city/state/zip.  Each nominee may apply to _____ for reimbursement of actual out-of-pocket costs reasonably incurred in forwarding the Notices, or in identifying them to _____, so that Notices may be mailed.

***PLEASE DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

-10-

# EXHIBIT A

gas natural inc.

## SEC Filings

8-K

GAS NATURAL INC. filed this Form 8-K on 12/23/2016
Entire Document

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
### WASHINGTON, DC 20549

---

## FORM 8-K

---

### CURRENT REPORT
### Pursuant to Section 13 or 15(d)
### of the Securities Exchange Act of 1934

### Date of Report: December 23, 2016
(Date of earliest event reported)

---

# Gas Natural Inc.

### (Exact name of registrant as specified in its charter)

---

| | | |
|---|---|---|
| **Ohio** | **001-34585** | **27-3003768** |
| (State or other jurisdiction of incorporation) | (Commission File Number) | (I.R.S. Employer Identification No.) |

| | |
|---|---|
| **1375 East Ninth Street, Suite 3100, Cleveland, Ohio** | **44114** |
| (Address of principal executive offices) | (Zip Code) |

**(440) 974-3770**
(Registrant's telephone number, including area code)

---

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐   Written communications pursuant to Rule 425 under the Securities Act (17 CFR 230.425)

☒   Soliciting material pursuant to Rule 14a-12 under the Exchange Act (17 CFR 240.14a-12)

☐   Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act (17 CFR 240.14d-2(b))

☐   Pre-commencement communications pursuant to Rule 13e-4(c) under the Exchange Act (17 CFR 240.13e-4(c))

**Item 8.01**　　　　**Other Events**

As previously announced, on October 8, 2016, Gas Natural Inc. (Company) entered into an Agreement and Plan of Merger (Merger Agreement), by and among the Company, FR Bison Holdings, Inc. (Parent) and FR Bison Merger Sub, Inc. (Merger Sub), pursuant to which Merger Sub will merge with and into the Company (Merger), on the terms and subject to the conditions set forth in the Merger Agreement. In connection with the Merger, the Company filed with the SEC a definitive proxy statement on November 23, 2016 (Definitive Proxy Statement).

In this Current Report on Form 8-K, the Company is providing additional disclosures to supplement those contained in the Definitive Proxy Statement mailed on or about November 23, 2016, to the Company's shareholders of record as of the close of business on the same date in connection with the solicitation of proxies for use at the special meeting of shareholders to be held on December 28, 2016 at 11:00 a.m. at Fairfield Inn & Suites, located at 628 CC Camp Road / 268 Bypass, Elkin, North Carolina 28621. The purpose of the special meeting is to consider and vote on (i) a proposal to approve the Merger and the other transactions contemplated by the Merger Agreement, pursuant to which Merger Sub will merge with and into the Company and the Company's shareholders will have the right to receive $13.10 in cash without interest and less any applicable withholding taxes, for each share of common stock, $0.15 par value per share, of the Company that they own immediately prior to the effective time of the Merger; (ii) a proposal to approve, on a non-binding, advisory basis, the merger-related compensation that may be paid by the Company to its named executive officers; and (iii) a proposal to approve an adjournment of the special meeting to a later date or time, if necessary or appropriate, including for the purpose of soliciting additional votes in favor of the proposal to approve the Merger, and the other transactions contemplated by the Merger Agreement.

Capitalized terms used in this Current Report on Form 8-K but not otherwise defined herein have the meanings ascribed to those terms in the Definitive Proxy Statement.

**Litigation Related to the Merger**

As previously described on page 55 of the Definitive Proxy Statement, on November 3, 2016, a putative derivative and class action lawsuit was filed in the Cuyahoga County Court of Common Pleas, Case Number CV16871400, captioned *Alison D. "Sunny" Masters vs. Michael B. Bender et. al.* (Masters Case), naming our board of directors, certain current and former officers, Parent, Merger Sub, First Reserve, Anita G. Zucker, individually, and as trustee of the Article 6 Marital Trust, Under the First Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007, The InterTech Group, Inc., and NIL Funding Corporation as defendants and the Company as a nominal defendant. On November 17, 2016, plaintiff filed an amended complaint. On November 28, 2016, all defendants removed the Masters Case to the United States District Court for the Northern District of Ohio, Case Number 1:16-CV-02880. The Company agreed to provide expedited discovery to the plaintiff.

On December 23, 2016, the Company entered into a Memorandum of Understanding with the plaintiff providing for the settlement of the Masters Case. In the Memorandum of Understanding, the Company agreed to make certain supplemental disclosures to the Definitive Proxy Statement

solely for the purpose of minimizing the time, burden, and expense of litigation. The Memorandum of Understanding provides that, in exchange for making these disclosures, defendants will receive, after notice to potential class members and upon court approval, a customary release of claims relating to the Merger.

The Company believes that no further disclosure is required to supplement the Definitive Proxy Statement under applicable laws and provides the supplemental disclosures set forth below solely to avoid the expense and distraction of further litigation and to avoid delaying the special meeting and shareholder vote. Without admitting any liability or wrongdoing, the Company agreed to make certain supplemental disclosures to the Definitive Proxy Statement as set forth below. Nothing in the supplemental disclosures shall be deemed an admission of the legal necessity or materiality under applicable laws of any of these disclosures. The Company cannot guarantee that the Merger will be consummated in a timely manner, or at all, that the Company will enter into a settlement that the court will approve or the outcome of the Masters Case and its effect on the Merger if the court does not approve a settlement.

**Supplemental Disclosure to the Definitive Proxy Statement**

Important information concerning the proposed Merger is set forth in the Definitive Proxy Statement. The Definitive Proxy Statement should be read in conjunction with the information set forth in this Current Report on Form 8-K and the Support Agreement described below. The description of the Support Agreement in this Current Report is qualified in its entirety by reference to the Support Agreement, which is attached to this Current Report on Form 8-K as Exhibit 99.1 and is incorporated herein by reference. Without admitting any liability or wrongdoing, the Company makes the following supplemental disclosures to the Definitive Proxy Statement:

**Supplemental Disclosure No. 1**

*On page 4 of the Definitive Proxy Statement, the discussion in the third full paragraph captioned "Support Agreement" is hereby supplemented and restated with the following:*

One of our shareholders representing approximately 9.89% of our common stock, Anita G. Zucker as trustee of the Article 6 Marital Trust, Under the First Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007 (Zucker Trust), has entered into a support agreement with Parent pursuant to which the Zucker Trust agreed to vote in favor of the merger and the transactions contemplated by the merger agreement, unless our board no longer supports the merger. Any additional shares of our common stock that the Zucker Trust acquires after October 10, 2016 will be subject to the terms of the support agreement. The support agreement does not contain any restrictions on the transfer of our common stock beneficially owned by the Zucker Trust. The support agreement will terminate upon the earliest to occur of (i) the effective time of the merger; (ii) the termination of the merger agreement pursuant to its terms; (iii) the written agreement of the Zucker Trust and Parent to terminate the support agreement; and (iv) the date on which the merger agreement is amended unless the Zucker Trust has agreed in writing to the continuation of the obligations contained in the support agreement.

**Supplemental Disclosure No. 2**

*On page 47 of the Definitive Proxy Statement, the discussion in the third full paragraph captioned "New Employment Arrangements" is hereby supplemented and restated with the following:*

As of December 23, 2016, none of our executive officers has entered into any agreement, arrangement or understanding with First Reserve, Parent or any of their subsidiaries regarding employment with, or the right to purchase or participate in the equity of, First Reserve, Parent or the surviving company. Although no such agreement, arrangement or understanding exists as of December 23, 2016, and there have been no discussions concerning such an agreement, arrangement or understanding, certain of our executive officers may, prior to the closing of the merger, enter into new arrangements with First Reserve, Parent or their subsidiaries regarding employment with, or the right to purchase or participate in the equity of, First Reserve, Parent, their subsidiaries or the surviving company. In addition, our named executive officers currently have employment agreements that will continue in effect with the surviving company after the merger is completed. These employment agreements contain change-in-control provisions and the merger will constitute a "change-in-control" as defined in these provisions. For more information regarding the named executive officers' employment agreements please see the discussion in the section entitled "Merger-Related Compensation for Our Named Executive Officers" beginning on page 43 in this proxy statement.

**Supplemental Disclosure No. 3**

*On page 48 of the Definitive Proxy Statement, the discussion in the first full paragraph captioned "Support Agreement" is hereby supplemented and restated with the following:*

On October 10, 2016, one of our shareholders, Anita G. Zucker as trustee of the Zucker Trust, entered into a support agreement with Parent pursuant to which the Zucker Trust agreed, among other things, to vote in favor of the merger and the transactions contemplated by the merger agreement unless the board has made an adverse recommendation change that has not been rescinded or otherwise withdrawn, in favor of the adoption of the merger and the transactions contemplated by the merger agreement. Any additional shares of our common stock that the Zucker Trust acquires after October 10, 2016 will be subject to the terms of the support agreement. The support agreement does not contain any restrictions on the transfer of our common stock beneficially owned by the Zucker Trust. The support agreement will terminate upon the earliest to occur of (i) the effective time of the merger; (ii) the termination of the merger agreement pursuant to its terms; (iii) the written agreement of the Zucker Trust and Parent to terminate the support agreement; and (iv) the date on which the merger agreement is amended unless the Zucker Trust has agreed in writing to the continuation of the obligations contained in the support agreement. As of the record date, November 23, 2016, the Zucker Trust beneficially owned approximately 9.89% of our outstanding common stock and the Company understands that since then the Zucker Trust has not sold or acquired any shares of our common stock. The Zucker Trust has no other agreements or arrangements with Parent or First Reserve that provide it with additional interests in the merger and is entitled to receive the $13.10 merger consideration in the same manner as the other shareholders.

*Forward-Looking Statements*

*Some portions of this Current Report and the Definitive Proxy Statement filed with the Securities and Exchange Commission as described herein, contain certain statements that are forward-looking within the meaning of Section 21E of the Exchange Act. Forward-looking statements are all statements other than statements of historical fact, including, without limitation, those that are identified by the use of the words "may," "could," "would," "should," "will," "believe," "expect," "anticipate," "plan," "predict," "estimate," "target," "project," "intend," or similar expressions. These statements include, among others, statements regarding our current expectations, estimates and projections about future events and financial trends affecting the financial condition and operations of our business. These statements are inherently subject to a variety of risks and uncertainties that could cause actual results to differ materially from those expressed. Readers of this Current Report and the Definitive Proxy Statement should not rely solely on the forward-looking statements and should consider all uncertainties and risks throughout this document. Forward-looking statements are only predictions and not guarantees of performance and speak only as of the date they are made. We undertake no obligation to update any forward-looking statement in light of new information or future events.*

*Although we believe that the expectations, estimates and projections reflected in the forward-looking statements are based on reasonable assumptions when they are made, we can give no assurance that these expectations, estimates and projections can be achieved. We believe the forward-looking statements in this Current Report and the Definitive Proxy Statement are reasonable; however, you should not place undue reliance on any forward-looking statement, as they are based on current expectations. Future events and actual results may differ materially from those discussed in the forward-looking statements. Factors that may affect forward-looking statements and the Company's business generally include, but are not limited to: the Company's ability to complete the proposed transaction; any event, change or circumstance that might give rise to the termination of the merger agreement; the effect of the announcement of the proposed transaction on the Company's relationships with its customers, operating results and business generally; the risk that the proposed transaction will not be consummated in a timely manner; the failure to receive, on a timely basis or otherwise, approval of the merger, and the other transactions contemplated by the merger agreement, by the Company's shareholders or the approval of government or regulatory agencies with regard to the merger; the failure of one or more conditions to the closing of the merger to be satisfied; risks arising from the merger's diversion of management's attention from our ongoing business operations; risks that the Company's stock price may decline significantly if the merger is not completed; the Company's ability to successfully integrate the operations of the companies it has acquired and consummate additional acquisitions; the Company's continued ability to make dividend payments; the Company's ability to implement its business plan, grow earnings and improve returns on investment; fluctuating energy commodity prices; the possibility that regulators may not permit the Company to pass through all of its increased costs to its customers; changes in the utility regulatory environment; wholesale and retail competition; the Company's ability to satisfy its debt obligations, including compliance with financial covenants; weather conditions; litigation risks; and various other matters, many of which are beyond the Company's control; the risk factors and cautionary statements made in the Company's public filings with the Securities and Exchange Commission (the "SEC"); and other factors that the Company is currently unable to identify or quantify, but may exist in the future. The Company expressly undertakes no obligation*

*to update or revise any forward-looking statement contained herein to reflect any change in the Company's expectations with regard thereto or any change in events, conditions or circumstances on which any such statement is based. Additional factors that may affect the future results of the Company are set forth in its filings with the SEC, including its Annual Report on Form 10-K for the year ended December 31, 2015 and recent Quarterly Reports on Form 10-Q and Current Reports on Form 8-K filed with the SEC, which are available on the SEC's website at www.sec.gov. Readers are cautioned not to place undue reliance on these forward-looking statements, which speak only as of the date thereof.*

**Additional Information and Where to Find It:**

The Company will hold a special meeting of shareholders on December 28, 2016, to approve the Merger and other transactions contemplated by Merger Agreement, dated October 8, 2016, among the Company, Parent, and Merger Sub, pursuant to which Merger Sub will merge with and into the Company. This communication may be deemed to be solicitation material in respect of the Merger and the special meeting. In connection with the special meeting, the Company filed with the SEC on November 23, 2016 and mailed to its shareholders a Definitive Proxy Statement that contains important information about the proposed Merger and the special meeting. Investors are urged to read the Definitive Proxy Statement and other relevant documents carefully and in their entirety when they become available because they will contain important information about the Merger and related matters. Investors may obtain a free copy of these materials (when they are available) and other documents filed by the Company with the SEC at the SEC's website at www.sec.gov, at the Company's website at www.egas.net or by writing to the Company's Corporate Secretary at Gas Natural Inc., 1375 East 9th St., Suite 3100, Cleveland, Ohio 44114, or by calling the Company's Corporate Secretary at (216) 202-1509.

Security holders also may read and copy any reports, statements and other information filed by the Company with the SEC at the SEC public reference room at 100 F Street, N.E., Washington, D.C. 20549. Please call the SEC at 1-800-SEC-0330 or visit the SEC's website for further information on its public reference room.

**Participants in the Solicitation**

The Company and its directors, executive officers and other persons may be deemed to be participants in the solicitation of proxies in respect of the Merger. Information regarding the Company's directors and executive officers is available in the Company's proxy statement filed with the SEC on June 20, 2016 in connection with its 2016 annual meeting of shareholders. Additional information regarding persons who may be deemed participants in the proxy solicitation and a description of their direct and indirect interests, by security holdings or otherwise, is contained in the Definitive Proxy Statement.

**Item 9.01**          **Financial Statements and Exhibits.**

(d)     Exhibits.

| Exhibit No. | Description |
|---|---|
| 99.1 | Support Agreement, dated October 10, 2016, by and among FR Bison Holdings, Inc., and Anita G. Zucker, Trustee of the Article 6 Marital Trust, Under the First Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007 |

**SIGNATURES**

Pursuant to the requirements of the Securities Exchange Act of 1934, as amended, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

**Gas Natural Inc.**

By:     /s/ Christopher J. Hubbert
Name:   Christopher J. Hubbert
Title:  Corporate Secretary

Dated: December 23, 2016

**Exhibit 99.1**

**Support Agreement**

This Support Agreement (this "Agreement") is made and entered into as of October 10, 2016, by and between the undersigned stockholder ("Stockholder") of Gas Natural Inc., an Ohio corporation (the "Company"), and FR Bison Holdings, Inc., a Delaware corporation ("Parent").

WHEREAS, in connection with the execution of this Agreement, the Company, Parent and FR Bison Merger Sub, Inc., an Ohio and wholly-owned subsidiary of Parent ("Merger Sub"), have entered, or will enter, into that certain Agreement and Plan of Merger of even date herewith (the "Merger Agreement"), providing for, among other things, the merger (the "Merger") of Merger Sub and the Company pursuant to the terms and conditions of the Merger Agreement;

WHEREAS, as a condition to its willingness to enter into the Merger Agreement, Parent has required that Stockholder execute and deliver this Agreement; and

WHEREAS, in order to induce Parent to enter into the Merger Agreement, Stockholder is willing to make certain representations, warranties, covenants and agreements with respect to the 1,040,640 shares of common stock, $0.15 par value, of the Company ("Company Common Stock") beneficially owned by Stockholder (the "Original Shares") and, together with any additional shares of Company Common Stock pursuant to Section 6 hereof, the "Shares").

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt, sufficiency and adequacy of which are hereby acknowledged, the parties hereto agree as follows:

1.  Definitions.

For purposes of this Agreement, capitalized terms used and not defined herein shall have the respective meanings ascribed to them in the Merger Agreement.

2.  Representations of Stockholder.

Stockholder represents and warrants to Parent that:

(a)   Stockholder owns beneficially (as such term is defined in Rule 13d-3 under the Exchange Act) all of the Original Shares free and clear of all pledges, liens, charges, mortgages, encumbrances and security interests of any kind or nature

whatsoever, other than any of the foregoing that would not present or delay such Stockholder's ability to perform such Stockholder's obligations hereunder, and (ii) except pursuant hereto, there are no options, warrants or other rights, agreements, arrangements or commitments of any character to which Stockholder is a party relating to the pledge, disposition or voting of any of the Original Shares and there are no voting trusts or voting agreements with respect to the Original Shares.

(b)     Stockholder does not beneficially own any shares of Company Common Stock other than the Original Shares.

(c)     Stockholder has full power and authority to enter into, execute and deliver this Agreement and to perform fully Stockholder's obligations hereunder. This Agreement has been duly and validly executed and delivered by Stockholder and constitutes the legal, valid and binding obligation of Stockholder, enforceable against Stockholder in accordance with its terms.

(d)     None of the execution and delivery of this Agreement by Stockholder, the consummation by Stockholder of the transactions contemplated hereby or compliance by Stockholder with any of the provisions hereof will conflict with or result in a breach, or constitute a default (with or without notice of lapse of time or both) under any provision of, any trust agreement, loan or credit agreement, note, bond, mortgage, indenture, lease or other agreement, instrument, law, ordinance rule or regulation applicable to Stockholder or to Stockholder's property or assets.

(e)     No consent, approval or authorization of, or designation, declaration or filing with, any Governmental Entity or other Person on the part of Stockholder is required in connection with the valid execution and delivery of this Agreement.


3.     <u>Agreement to Vote Shares</u>.

Stockholder agrees during the term of this Agreement to vote the Shares in favor of the Merger and the Merger Agreement, at every meeting of the stockholders of the Company at which such matters are considered and at every adjournment or postponement thereof unless the Company Board or a duly authorized committee thereof has made an Adverse Recommendation Change that has not been rescinded or otherwise withdrawn, in favor of the adoption of the Merger Agreement and the approval of the transactions contemplated thereby, including the Merger.


4.     <u>No Voting Trusts or Other Arrangement</u>.

Stockholder agrees that Stockholder will not, and will not permit any entity under Stockholder's control to, deposit any of the Shares in a voting trust, grant any proxies with respect to the Shares or subject any of the Shares to any arrangement with respect to the voting of the Shares other than agreements entered into with Parent.

2

5.   <u>Transfer of the Shares</u>

    Nothing in this Agreement shall prohibit Stockholder from, directly or indirectly, transferring, selling, offering, exchanging, assigning, pledging or otherwise disposing of or encumbering ("Transfer") any of the Shares or entering into any contract, option or other agreement with respect to a Transfer of any of the Shares or Stockholder's voting or economic interest therein.

6.   <u>Additional Shares</u>.

    Stockholder agrees that all shares of Company Common Stock that Stockholder purchases, acquires the right to vote or otherwise acquires beneficial ownership of after the execution of this Agreement shall be subject to the terms of this Agreement and shall constitute Shares for all purposes of this Agreement.

7.   <u>Termination</u>.

    This Agreement shall terminate upon the earliest to occur of (i) the Effective Time, (ii) the date on which the Merger Agreement is terminated in accordance with its terms, (iii) the written agreement of Stockholder and Parent to terminate this Agreement or (iv) the date on which the Merger Agreement is amended unless Stockholder has agreed in writing to the continuation of the obligations contained in this Agreement.

8.   <u>Specific Performance</u>.

    Each party hereto acknowledges that it will be impossible to measure in money the damage to the other party if a party hereto fails to comply with any of the obligations imposed by this Agreement, that every such obligation is material and that, in the event of any such failure, the other party will not have an adequate remedy at law or damages. Accordingly, each party hereto agrees that injunctive relief or other equitable remedy, in addition to remedies at law or damages, is the appropriate remedy for any such failure and will not oppose the seeking of such relief on the basis that the other party has an adequate remedy at law. Each party hereto agrees that it will not seek, and agrees to waive any requirement for, the securing or posting of a bond in connection with the other party's seeking or obtaining such equitable relief.

9.   <u>Entire Agreement</u>.

    This Agreement supersedes all prior agreements, written or oral, between the parties hereto with respect to the subject matter hereof and contains the entire agreement between the parties with respect to the subject matter hereof. This Agreement may not be amended or supplemented, and no provisions hereof may be modified or waived, except by an instrument in writing signed by both of the parties hereto. No waiver of any

3

provisions hereof by either party shall be deemed a waiver of any other provisions hereof by such party, nor shall any such waiver be deemed a continuing waiver of any provision hereof by such party.

10.    <u>Notices</u>.

All notices and other communications under this Agreement shall be in writing and shall be deemed given (a) when delivered personally by hand (with written or electronic confirmation of receipt), (b) when sent by email (with written or electronic confirmation of transmission) or (c) one (1) business day following the day sent by an internationally recognized overnight courier (with written or electronic confirmation of receipt), in each case, at the following addresses and email addresses (or to such other address or email address as a Party may have specified by notice given to the other Party pursuant to this provision):

<u>To Parent or Merger Sub</u>:

c/o First Reserve Advisors LLC
One Lafayette Place
Greenwich, CT 06830
<u>Attention</u>: Matthew S. Raben
<u>Email</u>: mraben@firstreserve.com

with a copy (which shall not constitute notice) to:

Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
Attention:   William E. Curbow
Email:       wcurbow@stblaw.com

<u>To Stockholder</u>:

Anita G. Zucker, Trustee of the Article 6 Marital Trust, Under The First Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007
4838 Jenkins Avenue
North Charleston, SC 29405
<u>Email</u>:   zuckera@intertechsc.com

4

with a copy (which shall not constitute notice) to:

The InterTech Group, Inc.
4838 Jenkins Avenue
North Charleston, SC 29405
Attention:   Jeff Winkler
<u>Email</u>:   winklerj@intertechsc.com

11.   <u>Miscellaneous</u>.

(a)   This Agreement shall be governed by and construed in accordance with the internal laws of the State of South Carolina without giving effect to any choice or conflict of law provision or rule.

(b)   Each of the parties hereto irrevocably agrees that any legal action or proceeding with respect to this Agreement and the rights and obligations arising hereunder, or for recognition and enforcement of any judgment in respect of this Agreement and the rights and obligations arising hereunder brought by the other party hereto or its successors or assigns shall be brought and determined exclusively in any court of competent jurisdiction located in Charleston County, South Carolina. Each of the parties hereto agrees that mailing of process or other papers in connection with any such action or proceeding in the manner provided in **Section 10** or in such other manner as may be permitted by applicable Laws, will be valid and sufficient service thereof. Each of the parties hereto hereby irrevocably submits with regard to any such action or proceeding for itself and in respect of its property, generally and unconditionally, to the personal jurisdiction of the aforesaid courts and agrees that it will not bring any action relating to this Agreement or any of the transactions contemplated by this Agreement in any court or tribunal other than the aforesaid courts. Each of the parties hereto hereby irrevocably waives, and agrees not to assert, by way of motion, as a defense, counterclaim or otherwise, in any action or proceeding with respect to this Agreement and the rights and obligations arising hereunder, or for recognition and enforcement of any judgment in respect of this Agreement and the rights and obligations arising hereunder (i) any claim that it is not personally subject to the jurisdiction of the above named courts for any reason other than the failure to serve process in accordance with this **Section 11(b)**, (ii) any claim that it or its property is exempt or immune from jurisdiction of any such court or from any legal process commenced in such courts (whether through service of notice, attachment prior to judgment, attachment in aid of execution of judgment, execution of judgment or otherwise), and (iii) to the fullest extent permitted by the applicable Law, any claim that (x) the suit, action or proceeding in such court is brought in an inconvenient forum, (y) the venue of such suit, action or proceeding is improper, or (z) this Agreement, or the subject matter hereof, may not be enforced in or by such courts.

5

(c)   EACH PARTY ACKNOWLEDGES AND AGREES THAT ANY CONTROVERSY WHICH MAY ARISE UNDER THIS AGREEMENT IS LIKELY TO INVOLVE COMPLICATED AND DIFFICULT ISSUES AND, THEREFORE, EACH SUCH PARTY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LEGAL ACTION ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT. EACH PARTY TO THIS AGREEMENT CERTIFIES AND ACKNOWLEDGES THAT (A) NO REPRESENTATIVE OF ANY OTHER PARTY HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT SUCH OTHER PARTY WOULD NOT SEEK TO ENFORCE THE FOREGOING WAIVER IN THE EVENT OF A LEGAL ACTION, (B) SUCH PARTY HAS CONSIDERED THE IMPLICATIONS OF THIS WAIVER, (C) SUCH PARTY MAKES THIS WAIVER VOLUNTARILY, AND (D) SUCH PARTY HAS BEEN INDUCED TO ENTER INTO THIS AGREEMENT BY, AMONG OTHER THINGS, THE MUTUAL WAIVERS AND CERTIFICATIONS IN THIS SECTION 11(c).

(d)   If any term or provision of this Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction. Upon such determination that any term or other provision is invalid, illegal or unenforceable, the parties hereto shall negotiate in good faith to modify this Agreement so as to effect the original intent of the parties as closely as possible in a mutually acceptable manner in order that the transactions contemplated hereby be consummated as originally contemplated to the greatest extent possible.

(e)   This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

(f)   Each party hereto shall execute and deliver such additional documents as may be necessary or desirable to effect the transactions contemplated by this Agreement.

(g)   All Section headings herein are for convenience of reference only and are not part of this Agreement, and no construction or reference shall be derived therefrom.

(h)   The obligations of Stockholder set forth in this Agreement shall not be effective or binding upon Stockholder until after such time as the Merger Agreement is executed and delivered by the Company, Parent and Merger Sub, and the parties agree that there is not and has not been any other agreement, arrangement or understanding between the parties hereto with respect to the matters set forth herein.

6

(i)    Neither party to this Agreement may assign any of its rights or obligations under this Agreement without the prior written consent of the other party hereto. Any assignment contrary to the provisions of this **Section 11(i)** shall be null and void.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first written above.

FR BISON HOLDINGS, INC:

By:       /s/ Ryan A. Shockley
Name:    Ryan A. Shockley
Title:     President and Treasurer

STOCKHOLDER:

/s/ Anita G. Zucker
Anita G. Zucker, Trustee of the Article 6 Marital Trust, Under The First
Amended and Restated Jerry Zucker Revocable Trust dated April 2, 2007

7

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ALISON D. MASTERS, on behalf of herself and all other similarly situated shareholders of Gas Natural,    ) ) ) ) | Case No. 16-cv-02880 |
|      ) )  | Hon. Patricia A. Gaughan |
| Lead Plaintiff,   ) ) )| |
| v.    ) ) ) | |
| MICHAEL B. BENDER, et al.,   ) ) ) | |
| Defendants.   ) ) | |

**FINAL ORDER AND JUDGMENT**

Lead Plaintiff and Defendants in this consolidated action (the "Action") entered into a Stipulation of Settlement dated March 7, 2017 (the "Stipulation" or "Settlement"), which set forth the terms and conditions for a settlement of the claims asserted in this Action.

On _____, 2017, this Court entered an Order Preliminarily Approving Class Settlement, which, *inter alia*, (i) preliminarily approved the Settlement; (ii) determined that, for purposes of the Settlement only, the Action should proceed as a non-opt-out class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all former stockholders (whether of record or beneficial) of GNI common stock, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and

- 1 -

each of them, together with their predecessors and successors and assigns, who held GNI common stock on or after January 1, 2014, excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of the Defendants, and the legal representatives, heirs, successors or assigns of any such excluded person (the "Settlement Class"); (iii) approved the form of notice of the Settlement to members of the Settlement Class ("Class Members"); (iv) directed that appropriate notice of the Settlement be given to members of the Settlement Class; and (v) set a hearing date for final approval of the Settlement.

Notice of the Settlement was mailed to Class Members on _____, 2017 and posted on the website of Tucker Ellis LLP on _____, 2017.

On _____, 2017, the Court held a hearing on whether the Settlement is fair, reasonable, adequate (the "Final Settlement Hearing").  At the Final Settlement Hearing, Lead Plaintiff and the Settlement Class were represented by Lead Counsel from the law firm of Tucker Ellis LLP.  Defendants were also represented by counsel.

Having heard arguments of counsel for the Parties and of such other persons who may have chosen to appear at the Final Settlement hearing, having reviewed all materials submitted, having considered all of the files, records, and proceedings in the Action, and being otherwise fully advised, **THE COURT HEREBY FINDS AND CONCLUDES** that:

A.      This Judgment incorporates the Stipulation, including its defined terms, and makes it a part hereof.

B.      This Court has jurisdiction over the subject matter of this Action, Lead Plaintiff, and all other Class Members, and has jurisdiction to enter this Judgment.

- 2 -

C.      All of the requirements set forth in Rule 23(b)(2) of the Federal Rules of Civil Procedure for final certification of the Class are met for settlement purposes, and therefore this Action is properly maintained as a settlement class action, and the Settlement Class is properly certified.  If the Court's grant of final approval of the Settlement does not become Final for any reason whatsoever, or if it is modified in any material respect, this Settlement Class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Lead Plaintiff or anyone else to seek class certification in this or any other matter.

D.      Solely for purposes of the Settlement, the Court confirms its appointment of Lead Plaintiff Alison D. Masters as Class Representative and the law firm of Tucker Ellis LLP as Lead Counsel to represent the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

E.      The form, content, and method of dissemination of the notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances.

F.      The notice, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure and met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law.  Further, the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged.

G.      The Settlement set forth in the Stipulation resulted from serious, informed, non-collusive negotiations conducted at arm's-length by the Parties and their counsel, was entered into in good faith, and is fair, reasonable, and adequate.  Accordingly, the Settlement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance

- 3 -

with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court. In making these findings, the Court considered, among other factors, (i) the nature of the claims asserted and the strength of Lead Plaintiff's claims and Defendants' defenses, (ii) the risk, expense, complexity, and likely duration of further litigation, (iii) the prospects of Lead Plaintiff obtaining certification of a litigation class and of maintaining such certification through trial, (iv) the benefits offered pursuant to the Settlement, (v) the stage of the proceedings at which the Settlement was reached, (vi) the information available to the Parties and the Court, (vii) the experience and views of the Parties' counsel, (viii) the Class Members' reaction to the Settlement, (ix) the submissions and arguments made throughout these proceedings by the Parties, and (x) the submissions and arguments made in connection with the Final Settlement Hearing.

H. Lead Plaintiff and Lead Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

I. Lead Plaintiff, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

J. Without further approval of the Court, the Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Stipulation (including its exhibits) as are not materially inconsistent with this Judgment and do not limit the rights of Class Members under the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that:

1. The Settlement set forth in the Stipulation is fair, reasonable, adequate, and it shall be consummated in accordance with the terms and provisions of the Stipulation.

- 4 -

2.      Upon the Effective Date, Judgment shall be, and hereby is, entered dismissing the Action and all Released Claims with prejudice, and without the award of any damages, costs, or fees, or the grant of any further relief, in favor of or against any party except as otherwise provided in the Stipulation, this Judgment or any other order that the Court might issue concerning attorneys' fees and expenses.

3.      As of the Effective Date, Lead Plaintiff and all other Class Members are deemed to have forever released, relieved, settled, and discharged, fully and completely, any and all Released Claims against any of the Released Parties.

4.      With respect to any of the Released Claims, upon the Effective Date Plaintiff shall have, and each other member of the Settlement Class shall be deemed to have, and by operation of this Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal. Civ. Code § 1542, or any law of the United States or any state of the United States or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH DEBTOR.

5.      The Court permanently bars and enjoins (A) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in

- 5 -

any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, and (B) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Amended Complaint.

6.     Upon the Effective Date, Defendants and the Released Parties release Lead Plaintiff, Lead Counsel and the other Class Members and their counsel, from all claims arising out of the commencement, prosecution, settlement, or resolution of the Action, <u>provided however</u>, that the Defendants and Released Parties shall retain the right to enforce in the Court the terms of the Stipulation.

7.     To effectuate the Settlement, the Court hereby enters the following Complete Bar:

a.     Upon the Effective Date, any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Released Party arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract or for misrepresentation, where the claim is or arises out of a Released Claim and the alleged injury to such person or entity arises out of that person's or entity's alleged liability to the Class or any Class Member, including any claim in which a person or entity seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Class or any Class Member, and/or (ii) any costs, expenses, or attorneys' fees from defending any claim by the Class or any Class Member.  All such claims are

hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary; provided, however, that if the Settlement Class or any Class Member obtains any judgment against any such barred person or entity based upon, arising out of, or relating to any Released Claim for which such barred person or entity and any of the Released Parties are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (i) an amount that corresponds to such Released Party's or Released Parties' percentage of responsibility for the loss to the Class or Class Members or (ii) either (a) the settlement amount, in the case of the Settlement Class, or (b) that portion of the settlement amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

    b. Upon the Effective Date, each and every Released Party is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any other person or entity (including any other Released Party) arising under any federal, state or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, including claims for breach of contract and for misrepresentation, where the claim is or arises from a Released Claim and the alleged injury to such Released Party arises out of that Released Party's alleged liability to the Class or any Class Member, including any claim in which any Released Party seeks to recover from any person or entity (including another Released Party) (i) any amounts any such Released Party has or might become liable to pay to the Class or any Class Member and/or (ii) any costs, expenses or attorneys' fees from defending any claim by the Class or any Class Member.  All such claims are hereby extinguished, discharged, satisfied and unenforceable.

        c.      Notwithstanding anything stated in this Complete Bar, if any person or entity (a "Petitioner," for purposes of this Complete Bar) commences against any of the Released Parties any action either (i) asserting a claim that is or arises out of a Released Claim, and where the alleged injury to such Petitioner arises out of that Petitioner's alleged liability to the Class or any Class Member or (ii) seeking contribution or indemnity for any liability or expenses incurred in connection with any such claim, and if such action or claim is not barred by a court pursuant to this Complete Bar or is otherwise not barred by this Complete Bar, neither this Complete Bar nor any provision of the Stipulation shall bar claims by that Released Party against (A) such Petitioner, (B) any person or entity who is or was controlled by, controls or controlled, or is or was under common control with the Petitioner, whose assets or estate are or were controlled, represented or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (C) any person or entity that participated with any of the preceding persons or entities described in items (A) and (B) of this subparagraph in connection with the assertion of the claim brought against the Released Party or Released Parties; provided, however, that nothing in this Complete Bar or the Stipulation shall prevent the Parties from taking such steps as necessary to enforce the terms of the Stipulation.

        d.      If any terms of this Complete Bar entered by the Court are held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Released Parties the fullest protection permitted by law from any claim that is based upon, arises out of or relates to any Released Claim.

        e.      Notwithstanding this Complete Bar or anything else in the Stipulation, nothing shall release, interfere with, limit or bar the assertion by any Released Party of any claim

- 8 -

for insurance coverage under any insurance, reinsurance or indemnity policy that provides coverage respecting the conduct at issue in this Action.

8.  The Court hereby approves the sum of $175,000 for the payment of Lead Plaintiff's attorney's fees and expenses (the "Fee and Expense Amount").  GNI or its successor(s) or insurer(s) shall transfer the Fee and Expense Amount in accordance with the terms and conditions of the Stipulation.

9.  The Court hereby decrees that neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be construed as, or deemed to be evidence of, an admission or concession on the part of the Lead Plaintiff, any other Class Members, any Defendant, any Released Party, or any other person of any liability or wrongdoing by them, or any of them.  This Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. Neither the Stipulation nor any negotiations, statements or proceedings in connection therewith, nor this Judgment, nor the fact of the Settlement, shall be offered or received in evidence in any action or proceeding, or be used in any way, as an admission, concession, presumption, inference, or evidence of any liability or wrongdoing of any nature against any of the Released Parties in any proceeding, other than such proceedings as may be necessary to consummate or enforce the Stipulation.

10.  This Court hereby retains and reserves exclusive jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Stipulation and the Settlement.

11.  There being no just reason for delay, the Clerk of Courts is hereby directed to enter this Judgment forthwith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

- 9 -

12.     In the event that this Judgment does not become "Final" in accordance with Paragraph 5 of the Stipulation, then the judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and this Judgment shall be vacated.  In such event, all orders entered in connection with the Settlement shall be null and void, and the Settlement Class shall be decertified.   In such event, the Action shall return to its status immediately prior to execution of the Stipulation.

**IT IS SO ORDERED**.


DATED: _____, 2017          **BY THE COURT:**


                                              _____

                                              Hon. Patricia A. Gaughan