UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALISON D. MASTERS, on behalf of herself and all other similarly situated shareholders of Gas Natural, | ) ) ) | Case No. 16-cv-02880 |
| | ) ) | Hon. Patricia A. Gaughan |
| Lead Plaintiff, | ) ) | |
| v. | ) ) | |
| MICHAEL B. BENDER, et al., | ) ) | |
| Defendants. | ) ) | |

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT**

WHEREAS, the above-captioned action (the "Action") is pending before this Court;[1]

WHEREAS, on March 13 2017, Lead Plaintiff Alison D. Masters ("Lead Plaintiff") filed with this Court the Stipulation and Unopposed Motion for Preliminary Approval of Class Action Settlement ("Unopposed Motion");

WHEREAS, the Stipulation sets forth the terms and conditions of a Settlement of the Action and for dismissal of the Action, with prejudice, upon the terms and conditions set forth therein (the "Settlement");

**NOW, THEREFORE, IT IS HEREBY ORDERED**, pursuant to Rules 23 and 41 of the Federal Rules of Civil Procedure, as follows:

1.      The Settlement set forth in the Stipulation is preliminarily approved, pending a final hearing on the Settlement as provided herein.  The Court preliminarily finds that the Settlement is sufficiently fair, reasonable and adequate to warrant sending notice to the

---

[1] Unless otherwise indicated, capitalized terms herein shall have the same meaning as given them in the Stipulation of Settlement ("Stipulation") dated March 7, 2017.

Settlement Class and scheduling a Final Settlement Hearing for final review of the Settlement. The Court concludes that (i) the Settlement is within the range of possible approval and appears to be the result of serious, informed, non-collusive negotiations conducted at arm's length by the Parties and their counsel, and (ii) the terms and conditions of the Stipulation do not have any obvious deficiencies.

2.      For purposes of the Settlement only, the Court finds and determines that this Action may proceed as a non-opt-out class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all former shareholders (whether record or beneficial) of GNI common stock, including any and all of their respective successors-in-interest, predecessors, representatives, trustees, executors, administrators, heirs, assigns or transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors and successors and assigns, who held GNI common stock on or after January 1, 2014, excluding Defendants, members of the immediate family of any Defendant, any entity in which a Defendant has or had a controlling interest, officers of any of the Defendants, and the legal representatives, heirs, successors or assigns of any such excluded person.

3.      For purposes of the Settlement only, the Court further finds and determines that Lead Plaintiff and Lead Counsel will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in this Action, and have done so to date.

4.      Having reviewed the proposed form of Notice of Settlement of Class Action and Hearing thereon (the "Notice of Hearing"), attached as Exhibit 2 to the Stipulation, the Court hereby approves such Notice of Hearing and directs that GNI mail, or cause to be mailed, such Notice of Hearing to all members of the Settlement Class who can be identified with reasonable

efforts.  The mailing is to be made by first-class United States mail, postage prepaid, within thirty (30) calendar days of the entry of this Order.  GNI or its insurer(s) shall pay all out-of-pocket costs for the administration and costs of providing the Notice of Hearing in accordance with this Order.

5.      No later than ten (10) calendar days after entry of this Order, Lead Counsel shall post the Notice of Hearing and Stipulation on the website of Tucker Ellis LLP.

6.      The Court finds and determines that the Notice of Hearing and the mailing of the Notice of Hearing constitute due and sufficient notice of the Settlement and the matters set forth in said notice to all persons entitled to receive notice, and fully satisfy the requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

7.      The Parties and their counsel may by agreement effect any amendments or modifications of the proposed Notice of Hearing without notice to or approval by the Court if such changes are not materially inconsistent with this Order and do not limit the rights of Class Members.

8.      Defendants shall maintain the right to communicate orally and in writing with GNI shareholders (including Class Members) in a non-disparaging way about the Action and the Proposed Settlement if such communications are limited to the following:

a.      Communications regarding the subject matter of the Proposed Settlement or the Stipulation between Class Members and representatives of the Defendants whose responsibilities include investor relations;

b.      Communications as may be necessary to implement the terms of the Stipulation; and

        c.      Such communications as may be made in the conduct of the Defendants' businesses, including to comply with any applicable stock-exchange requirements.

        9.      A hearing will be held at __9:00__ a.m. on _____July 5_____, 2017, before the Honorable Patricia A. Gaughan at the Carl B. Stokes United States Court House, 801 West Superior Avenue, Courtroom 19B, Cleveland, Ohio 44113-1835 (the "Final Settlement Hearing"), to determine:

        a.      whether the Settlement on the terms set forth in the Stipulation should be approved as fair, reasonable, and adequate;

        b.      whether the class notice and notice methodology constituted due, adequate, and sufficient notice to all persons entitled to notice, and met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, and constituted the notice as directed by the Court in the Preliminary Approval Order, to apprise Class Members of (i) the pendency of the Action, (ii) the nature and terms of the Settlement, (iii) the Class Members' right to object to the Settlement, and (iv) the Class Members' right to appear at the Final Settlement Hearing;

        c.      whether a final judgment should be entered dismissing the claims of the Lead Plaintiff and all other Class Members with prejudice, as contemplated by the Stipulation;

        d.      whether the Court should enter a complete bar order, as set forth in the proposed Final Order and Judgment;

        e.      whether the Court should permanently bar and enjoin (i) all Class Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit,

arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Claim as to any Released Party, and (ii) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Amended Complaint;

       f.      whether to approve the Fee and Expense Amount to Lead Counsel; and

       g.      any other matters that the Court may deem appropriate.

10.    At least ten (10) calendar days prior to the Final Settlement Hearing, GNI shall cause an affidavit to be filed with the Court certifying that the Notice of Hearing has been mailed as directed in this Order.

11.    At least ten (10) calendar days prior to the Final Settlement Hearing, (i) Lead Counsel shall cause an affidavit to be filed with the Court certifying that the Notice of Hearing and Stipulation were posted on the website of Tucker Ellis LLP as directed in this Order, and (ii) Defendants shall cause to be filed with the Court, by affidavit or declaration, proof of compliance with the notice provisions of the Class Action Fairness Act (28 U.S.C. § 1715(b)).

12.    Any Class Member may submit a written objection to the proposed Settlement (or any part of it) and may also appear at the Final Settlement Hearing, either on his or her own or

through counsel hired at his or her own expense, if the Class Member previously filed and served a timely written objection.   Written objections must include (*i*) the Class Member's name, address, telephone number, and signature, (*ii*) the number of shares of GNI common stock held at any time as of or after January 1, 2014, (*iii*) the reasons why the Class Member thinks the Court should not approve the Settlement and/or the award of attorneys' fees and expenses, and (*iv*) all documents and other materials that the Class Member wants the Court to consider.   A Class Member who has filed and served written objections – and only such persons – may also request permission to speak at the Final Settlement Hearing, either in person or through an attorney hired at his or her expense, by filing and serving a Notice of Intention to Appear.   The Notice of Intention to Appear must be filed with the Court and must be called a "Notice of Intention to Appear at Settlement Hearing in *Masters v. Bender, et al.*, No. 16-cv-02880."   The Notice of Intention to Appear must include the objecting Class Member's name, address, telephone number, and signature.   If a Class Member wishes to appear through an attorney, the Notice of Intention to Appear must also include the attorney's name, address, telephone number, and signature.   Any written objections and Notices of Intention to Appear must be filed with the Court and served on the Parties' counsel at the addresses listed below so that the objections and Notices of Intention to Appear are received or postmarked (first-class mail, postage prepaid) at least twenty-one (21) calendar days prior to the Final Settlement Hearing (*i.e.*, by no later than

_____June 14_____, 2017):

| | |
|---|---|
| John Q. Lewis | Joseph C. Weinstein |
| TUCKER ELLIS LLP | 127 Public Square |
| 950 Main Avenue, Suite 1100 | Cleveland, Ohio  44114 |
| Cleveland, Ohio  44113-7213 | Tel:  (216) 479-8500 |
| *Counsel for Lead Plaintiff and the* | *Counsel for the GNI Defendants* |
| *Settlement Class* | |

| | |
|---|---|
| Kip T. Bollin | Mitchell G. Blair |
| THOMPSON HINE | CALFEE, HALTER & GRISWOLD LLP |
| 3900 Key Tower | 1405 East Sixth Street |
| 127 Public Square | Cleveland, Ohio 44114 |
| Cleveland, Ohio 44114 | |
| | |
| John R. Bielema | George S. Wang |
| BRYAN CAVE LLP | SIMPSON THACHER & BARTLETT LLP |
| One Atlantic Center, 14th Fl. | 425 Lexington Ave. |
| 1201 W. Peachtree St., N.W. | New York, NY 10017-3954 |
| Atlanta, GA 30309-3471 | |
| | *Counsel for First Reserve* |
| *Counsel for the InterTech Defendants* | |

13.     No person shall be entitled to object to the Settlement, to the final judgment to be entered in this Action, or to any award of attorneys' fees and expenses to Lead Counsel, or otherwise to be heard, except by serving and filing written objections and, if desired, a Notice of Intention to Appear in the form and manner, and by the date, required by the Notice of Hearing. Any person who fails to object in the manner and by the date required shall be deemed to have waived any objections, shall be forever barred from raising such objections in this or any other action or proceeding and shall be bound by the terms of the Final Order and Judgment, unless otherwise ordered by the Court.

14.     Pending final determination of whether the Settlement should be approved: (i) Lead Plaintiff and all other Class Members, and any of them, and anyone acting on their behalf, are barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding (as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or

relates to any Released Claim as to any Released Party, and (ii) all persons and entities are barred and enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Released Parties, if such other lawsuit is based upon, arises out of, or relates to any Released Claim, including any claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Amended Complaint.

15.     All proceedings in this Action, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until resolution of all such Settlement-related proceedings.

16.     All papers in support of final approval of the Settlement and/or an award of attorneys' fees and expenses to Lead Counsel shall be filed with the Court and served upon all counsel of record at least forty (40) calendar days before the Final Settlement Hearing.  Any reply papers in support of final approval of the Settlement and/or an award of attorneys' fees and expenses, and any responses to objections or oppositions, must be filed and served at least five (5) calendar days before the Final Settlement Hearing.

17.     If the Court does not approve the Settlement, or the Settlement does not become effective for any reason whatsoever, the Settlement (including any modification thereof made with the consent of the parties as provided for in the Stipulation), any class certification herein, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein) shall be terminated and shall become void and of no further force and effect except for GNI's obligation to pay for any expense incurred in connection with mailing the

Notice of Hearing, and the Action shall proceed without prejudice to any Party as to any matter of law or fact, as if the Stipulation had not been made and had not been submitted to the Court.

18.     Neither the Stipulation nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or deemed to be evidence of, an admission or concession on the part of Lead Plaintiff, any Defendant, any other Class Member, or any other person of any liability or wrongdoing by them, or any of them, and shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature.

19.     Lead Counsel and Defendants' counsel shall promptly furnish each other with copies of any and all objections that come into their possession unless they can determine that the other counsel has received those papers.

20.     The Court may adjourn or continue the Final Settlement Hearing, and any adjournment or continuance may be without further notice of any kind to Class Members.

21.     The Court retains exclusive jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Parties in writing, if appropriate, without further notice to the Class.

**IT IS SO ORDERED.**

DATED: _____March 15_____, 2017        **BY THE COURT:**

      /s/ Patricia A. Gaughan
      _____

      Hon. Patricia A. Gaughan